*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

WILBERT EDMOND,

Defendant-Appellant.

UNPUBLISHED
May 21, 2020

No. 346834
Ingham Circuit Court
LC No. 17-001067-FC

Before: RONAYNE KRAUSE, P.J., and SERVITTO and REDFORD, JJ.

PER CURIAM.

Defendant appeals by right his jury convictions of first-degree premeditated murder, MCL 750.316(1)(a); possession of a firearm by a felon (felon-in-possession), MCL 750.224f; and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The trial court sentenced defendant to serve two-years' imprisonment for his felony-firearm conviction to be followed by concurrent prison terms of life without the possibility of parole for his first-degree murder conviction and 48 months to 80 months' imprisonment for his felon-in-possession conviction. We affirm.

## I. FACTUAL BACKGROUND

On February 3, 2017, a group of people including defendant, his brother-in-law, Greg Williams, Jaqueline Boose, Allison Browne, and Westely Cheeks, Browne's boyfriend, attended a party at Lindsay Patton's house to celebrate the birth of the daughter of the victim, Thomas George. Browne testified at trial that during the party defendant became upset because the victim acted disrespectful toward defendant causing him to become angry. Defendant left the party with Williams. About 30 minutes later defendant and Williams returned. Browne and Patton each testified that defendant entered the home with a semiautomatic handgun. Only defendant was armed. Defendant and Williams restrained the victim and Patton saw defendant shoot approximately three to five rounds at the victim. Browne testified that she heard the first gunshot as she ran out the back door. Patton testified that he also ran out of the home. Defendant and Williams fled the scene. When Patton returned, he found the victim unresponsive with multiple

gunshot wounds. He called 911. The hospital pronounced the victim dead and an autopsy revealed that he died of multiple gunshot wounds.

Both Patton and Browne were not forthcoming with information during their initial police interviews. However, each later identified defendant as the shooter. Browne testified that Cheeks told her that defendant shot the victim. Browne also testified that defendant told her a few months after the victim's death that he shot the victim in self-defense. Cheeks did not testify because he was murdered by defendant's nephew about two months after the victim's murder. Cheeks's murder prompted Browne to provide the police additional information regarding the victim's shooting. During trial, Browne testified that Cheeks was murdered in Boose's house while she and Boose were present. Browne testified that she had not initially been forthcoming with police regarding the investigation of the victim's death because she feared for her life and that she had been threatened.

## II. ANALYSIS

Defendant first argues that the trial court abused its discretion during his trial by allowing irrelevant evidence about the circumstances of Cheeks's murder. We disagree.

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *People v Burns*, 494 Mich 104, 110; 832 NW2d 738 (2013). An abuse of discretion occurs where the trial court chooses an outcome that falls outside the range of principled outcomes. *People v Babcock*, 469 Mich 247, 269, 666 NW2d 231 (2003).

Evidence must be relevant to be admissible. MRE 402. Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401. Proffered evidence must be material, i.e., of consequence to the action, and probative. *People v Mills*, 450 Mich 61, 67; 537 NW2d 909 (1995), modified on other grounds 450 Mich 1212 (1995). "[A] material fact need not be an element of a crime or cause of action or defense but it must, at least, be in issue in the sense that it is within the range of litigated matters in controversy." *Id*. at 68 (quotation marks and citation omitted). "[E]vidence may be admitted to assist in the evaluation of the credibility of a witness." *Id*. at 72 (quotation marks and citation omitted). "[T]he test is whether the evidence will aid the court or jury in determining the probative value of other evidence *offered to affect the probability of the existence of a consequential fact*." *Id*. (quotation marks and citation omitted, emphasis in the original). "If a witness is offering relevant testimony, whether that witness is truthfully and accurately testifying is itself relevant because it affects the probability of the existence of a consequential fact." *Id*. Further, the interests and biases of witnesses are always relevant. *People v Layher*, 464 Mich 756, 764; 631 NW2d 281 (2001).

In this case, the trial court limited the extent of evidence presented regarding Cheeks's murder. Cheeks's murder had relevance to why Cheeks could not testify at trial. Further, evidence regarding Cheeks's murder had relevance regarding Browne's credibility as a witness. The record reflects that she failed to be entirely truthful when she first provided a statement to the police. Her lack of candor arose out of fear following the victim's and Cheeks's murders. Cheeks's murder caused Browne to initially withhold information that she later provided to the police. Later, when interviewed again by the police, Browne told police that defendant admitted to shooting the victim.

Therefore, the evidence was relevant to assist in the evaluation of Browne's credibility as a witness. Defendant's contention that Browne's testimony—she feared for her life and had been threatened—was irrelevant lacks merit. Such testimony had relevance to assist the jury in evaluating her credibility as a witness.

Defendant argues that, even if relevant, the trial court should have excluded it under MRE 403 because the evidence was substantially more prejudicial than probative by associating defendant with the murder of Cheeks. We disagree.

"Evidence is unfairly prejudicial when there exists a danger that marginally probative evidence will be given undue or preemptive weight by the jury." *People v Crawford*, 458 Mich 376, 398; 582 NW2d 785 (1998). In this case, the record reflects that the trial court limited the evidence of Cheeks's murder and precluded any evidence that defendant had been present when his nephew committed the murder. The evidence that the trial court permitted did not place defendant at the scene of Cheeks's murder or suggest that defendant had any involvement in Cheeks's murder. Therefore, the trial court did not abuse its discretion by allowing limited evidence of the circumstances of Cheeks's murder.

Next, defendant argues that the prosecutor committed misconduct and violated his right to a fair trial when he deliberately elicited irrelevant and unfairly prejudicial testimony regarding Cheeks's murder and urged the jury to convict him on the basis of their civic duty and fears. Defendant also argues that he was denied effective assistance of counsel because his counsel failed to object to the prosecutor's misconduct. These arguments lack merit.

"In order to preserve a claim of prosecutorial misconduct for appellate review, a defendant must have timely and specifically objected below, unless objection could not have cured the error." *People v Brown*, 294 Mich App 377, 382; 811 NW2d 531 (2011). Defendant failed to object to the prosecutor's conduct or statements that he deems improper on appeal; therefore, he failed to preserve his claim of prosecutorial misconduct. "Where a defendant fails to object to an alleged prosecutorial impropriety, the issue is reviewed for plain error." *People v Cooper*, 309 Mich App 74, 88; 867 NW2d 452 (2015) (quotation marks and citations omitted). Defendant must establish (1) an error occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected his substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). An error affects substantial rights when "the error affected the outcome of the lower court proceedings." *Id*. "Reversal is warranted only when plain error resulted in the conviction of an actually innocent defendant or seriously affected the fairness, integrity, or public reputation of judicial proceedings." *People v Callon*, 256 Mich App 312, 329; 662 NW2d 501 (2003).

In general, prosecutors are given great latitude regarding their conduct and arguments during trial. *People v Bahoda*, 448 Mich 261, 282; 531 NW2d 659 (1995). Prosecutors are also "free to argue the evidence and all reasonable inferences from the evidence as it relates to their theory of the case." *Id*. (quotation marks, citation, and brackets omitted). As previously discussed, the trial court appropriately limited the evidence of the circumstances of Cheeks's murder to matters relevant to this case and such evidence did not prejudice defendant. Even if the trial court erred, the record reflects that the prosecutor had a good-faith basis for seeking the admission of the evidence, and therefore, such conduct did not constitute misconduct. *People v Ackerman*, 257

Mich App 434, 448; 669 NW2d 818 (2003). Defendant has failed to establish that the prosecution acted in bad faith.

Defendant also argues that the prosecutor improperly referenced Cheeks's murder during closing arguments. We disagree. The record reflects that the prosecutor referenced the matter to argue why the jury should believe Browne and find her trial testimony credible. "[A] prosecutor may comment on his own witnesses' credibility during closing argument, especially when there is conflicting evidence and the question of the defendant's guilt depends on which witnesses the jury believes." *People v Thomas*, 260 Mich App 450, 455; 678 NW2d 631 (2004). Further, "the prosecutor may argue from the facts that a witness should be believed." *People v Seals*, 285 Mich App 1, 22; 776 NW2d 314 (2009) (quotation marks and citation omitted). Therefore, the prosecutor did not commit misconduct.

Defendant argues that his counsel provided him ineffective assistance by failing to object to the alleged misconduct of the prosecutor. The prosecutor, however, did not commit misconduct. "Failing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel." *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010). Defendant, therefore, cannot establish that his counsel failed to provide him effective assistance.

Lastly, defendant argues that the prosecution presented insufficient evidence to establish that he murdered the victim. Defendant challenges the sufficiency of the evidence on the grounds that Patton and Browne lacked credibility, the ballistics and forensic evidence were inconclusive, the police never found the murder weapon, and another gun may have been used to perpetrate the shooting. Defendant's argument lacks merit.

We review de novo a challenge to the sufficiency of the evidence. *People v Bailey*, 310 Mich App 703, 713; 873 NW2d 855 (2015). When determining whether the prosecution presented sufficient evidence to support a conviction, we view the evidence "in a light most favorable to the prosecutor to determine whether any trier of fact could find the essential elements of the crime were proven beyond a reasonable doubt." *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012) (quotation marks and citation omitted). In *People v Oros*, 502 Mich 229, 239; 917 NW2d 559 (2018) (quotation marks, citations, alteration, and emphasis omitted), this Court explained:

> the standard of review is deferential: a reviewing court is required to draw all reasonable inferences and make credibility choices in support of the jury verdict. The scope of review is the same whether the evidence is direct or circumstantial. Circumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime. It is for the trier of fact, not the appellate court, to determine what inferences may be fairly drawn from the evidence and to determine the weight to be accorded those inferences.

To be found guilty of first-degree premeditated murder, the prosecution must prove beyond a reasonable doubt that the murder was "perpetrated by means of poison, lying in wait, or any other willful, deliberate, and premeditated killing." MCL 750.316(1)(a). The elements of first-degree murder are "(1) the intentional killing of a human (2) with premeditation and deliberation." *People v Bennett*, 290 Mich App 465, 472; 802 NW2d 627 (2010). "Identity is an essential element of every crime." *People v Fairey*, 325 Mich App 645, 649; 928 NW2d 705 (2018).

The determination of the credibility of witnesses and the weight of the evidence are issues for the jury, to which this Court defers. *Oros*, 502 Mich at 239. Further, the record reflects that ample evidence supported the jury's determination of defendant's guilt beyond a reasonable doubt. Witnesses at Patton's house on the night of the murder observed defendant become angry at the victim, leave the party, and return later with a semiautomatic handgun. Patton and Browne identified defendant as the shooter. They both testified that defendant entered Patton's home with a gun and that no one else was armed. They both testified that they saw defendant and Williams restraining the victim. Patton testified that he saw defendant shoot multiple times at the victim. Browne testified that she heard the first gunshot before she ran out of the back door of Patton's home. Browne also testified that Cheeks told her that defendant shot the victim multiple times, and that defendant admitted to her that he shot the victim. Patton and Browne also testified that defendant wore a red hat during the shooting. A red hat was found at the crime scene that had defendant's DNA on it. When viewed in the light most favorable to the prosecution, the prosecution presented sufficient evidence for a reasonable jury to find beyond a reasonable doubt that defendant committed first-degree premeditated murder.

Affirmed.

/s/ Amy Ronayne Krause
/s/ Deborah A. Servitto
/s/ James Robert Redford