# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellant,

v

FRANK SHEPARD FAIREY, also known as
SHEPARD FAIREY,

Defendant-Appellee.

FOR PUBLICATION
August 28, 2018
9:05 a.m.

No. 333805
Wayne Circuit Court
LC No. 15-007272-01-FH

Before: CAMERON, P.J., and FORT HOOD and GLEICHER, JJ.

GLEICHER, J.

Frank Shepard Fairey is an internationally acclaimed artist best known for creating a red, white and blue poster of then presidential candidate Barack Obama, entitled *Hope*. Fairey launched his career by designing stickers that adorned skateboards and t-shirts. Over the years, his artistic repertoire expanded to include posters, prints, and larger works, including murals. Fairey's work combines elements of graffiti and pop culture; his themes often thumb a nose at authority and champion dissent. Anyone can buy Fairey's portable artworks (including posters and stickers) from his website, www.obeygiant.com.

Fairey's signature image is a cartooned face that he has dubbed "Obey Giant." Fairey has boasted of his exploits in applying posters and stickers sporting Obey Giant in public places, without the permission of the owners. See Schjeldahl, Hope and Glory: A Shepard Fairey Moment, available at <https://www.newyorker.com/magazine/2009/02/23/hope-and-glory> (accessed August 20, 2018. This activity is known as "tagging."

In 2015, Bedrock Properties hired Fairey to design and create three large murals on its downtown Detroit buildings. Fairey arrived in Detroit sometime in May of that year; the exact dates of his stay are unknown. Local media commemorated his visit with interviews and articles about Fairey's life and works. Detroit Police Sergeant Rebecca McKay watched a television interview that month in which Fairey was asked whether he would be "leaving anything behind uncommissioned" when he left the city. Fairey responded, "You'll just have to keep your eyes peeled." A newspaper article quoted Fairey as saying, "I will do stuff on the street without permission. I will be doing stuff on the street when I'm in Detroit." Street Artist Shepard Fairey Ready to Tag Detroit, *Detroit Free Press*, May 16, 2015, available at

-1-

<https://www.freep.com/story/entertainment/arts/2015/05/16/shepherd-fairey-detroit-mural/27459223/> (accessed August 20, 2018).

McKay did some Internet research about Fairey. She came across a 2013 YouTube video in which Fairey admitted to putting up posters in illegal locations (he never mentioned Detroit). The video offers aspiring taggers a blueprint of the process. On May 22, 2015, McKay went on a hunt for illegal art containing the Obey Giant or other Shepard Fairey-esque images. She found posters harboring the icon (or a related one, called Misfit) in 14 places around the city, mostly abandoned buildings or bridge and railroad abutments.

McKay decided that Fairey must have put up the illegal posters while he was in town. She had no evidence linking him to the posters, and readily admitted that she had no idea when the illegal posters were installed. In McKay's estimation, the fact that the posters included the Obey Giant image and that Fairey had threatened to "do stuff without permission" while in Detroit meant that he was responsible for the tagging. An examining magistrate agreed, and bound Fairey over for trial on one count of malicious destruction of a building, $20,000 or more, MCL 750.380(2)(a), and two counts of malicious destruction of property, bridges/railroads/locks, MCL 750.379.

The circuit court quashed the information and dismissed the charges, finding (among other things) that the prosecution failed to present evidence establishing Fairey's identity as the tagger. We agree, and affirm.

I. GUIDING LEGAL PRINCIPLES

At a preliminary examination, the prosecution must present evidence establishing that the defendant committed the charged offense, and the district court must find that probable cause exists to bind over a defendant for trial. *People v Shami*, 501 Mich 243, 251-252; 912 NW2d 526 (2018). To satisfy this burden, the prosecution must present evidence of each and every element of the charged offense, or enough evidence from which an element may be inferred. *People v Seewald*, 499 Mich 111, 116; 879 NW2d 237 (2016). Identity is an essential element of every crime. *People v Oliphant*, 399 Mich 472, 489; 250 NW2d 443 (1976). To warrant a bindover, the people must produce evidence that a crime was committed and that probable cause exists to believe that the charged defendant committed it.

Probable cause is established if the evidence would persuade a careful and reasonable person to believe in the defendant's guilt. *People v Yost*, 468 Mich 122, 126; 659 NW2d 604 (2003). Evidence supporting that the defendant perpetrated the crime may be circumstantial, but must nevertheless demonstrate reasonable grounds to suspect the defendant's personal guilt. *People v Tower*, 215 Mich App 318, 320; 544 NW2d 752 (1996). The evidence considered must be legally admissible. *People v Walker*, 385 Mich 565, 575-576; 189 NW2d 234 (1971), overruled on other grounds by *People v Hall*, 435 Mich 599; 460 NW2d 520 (1990).

We review a district court's bindover decision for an abuse of discretion. *Seewald*, 499 Mich at 116. An abuse of discretion occurs when the district court's decision " 'falls outside the range of principled outcomes.' " *Id*., quoting *Epps v 4 Quarters Restoration LLC*, 498 Mich 518, 528; 872 NW2d 412 (2015).

## II. ANALYSIS

The prosecution failed to establish probable cause that Fairey tagged the 14 buildings bearing the Obey Giant or other signature images.

We must review the evidence in the light most favorable to the prosecution, and will assume that all of the prosecution's evidence was legally admissible. Even with the benefit of these presumptions, the prosecution failed to paint a picture suggesting that Fairey committed the crimes.

Several holes in the prosecution's evidentiary canvas doom its case. The prosecution presented no facts establishing when the illegal posters were installed or the length of time they had been present before McKay spotted them. McKay conceded that the artwork could have been on the walls long before her hunt for evidence implicating Fairey revealed them. No witnesses saw Fairey post any illegal artwork during his sojourn in Detroit, and the prosecution brought forward no evidence that Fairey had an opportunity or the means to travel around the city tagging buildings while also working on the commissioned murals. Although the prosecution makes much of the fact that the illegal art bore Fairey's signature imagery, McKay testified that the tags were all removable posters; the damage occasioned by their removal underlies the prosecutor's malicious destruction charges. Proving that a piece of art was created by a particular artist usually requires expert testimony. See *Greenberg Gallery v Bauman*, 817 F Supp 167, 170-174 (D DC, 1993). That is not a significant concern here, though, because none of the tags were painted by hand and as we have mentioned, Fairey's posters and stickers are easy to purchase on the Internet.

The district court judge gave short shrift to these evidentiary deficiencies and instead focused on Fairey's statements to the press. The judge declared that the media comments "all amount[] to one big fat admission."

Precisely what Fairely "admitted" in these interviews is difficult to discern. Telling an audience that "you'll just have to keep your eyes peeled" for illegal art, and that he anticipated "do[ing] stuff on the street without permission" sounds like an artist playing a street-smart scoundrel. These statements might convince a person of ordinary prudence and caution that Fairey *wanted* to tag some buildings while he was in Detroit. What is missing is evidence that Fairey *did* tag the buildings.

In one of his best-known opinions, Justice Robert Jackson elegantly explained that a crime consists of a "concurrence of an evil-meaning mind with an evil-doing hand . . . ." *Morissette v United States*, 342 US 246, 251; 72 S Ct 240; 96 L Ed 288 (1952). A wrongful act is an essential element of the malicious destruction of property crimes with which Fairey stands charged. It is not a crime to fantasize (even publicly) about putting up posters on property that does not belong to you. Vincent Van Gogh said, "I dream of painting and then I paint my dream." Fairey dreamed aloud, but no evidence exists that Fairey's hands painted his dreams, or even touched the 14 tagged buildings.

The district court abused its discretion in binding Fairey over for trial by failing to distinguish between a *suspicion* of guilt and a *reasonable belief* that Fairey was the person who

committed the crime. True, a district court may also rely on inferences to establish probable cause for a bindover. But a person of ordinary prudence and caution could not infer that Fairey carried out his veiled threats to tag absent any actual evidence linking Fairey to the acts of tagging. Mere suspicion is not the same as probable cause, and the record gives us nothing more. *People v Nunez*, 242 Mich App 610, 624; 619 NW2d 550 (2000).

We affirm.


/s/ Elizabeth L. Gleicher
/s/ Thomas C. Cameron
/s/ Karen M. Fort Hood