*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
July 2, 2020

Plaintiff-Appellant,

v

No. 348877
Wayne Circuit Court
LC No. 19-000781-01-FC

CHRISTOPHER OTIS NIXON,

Defendant-Appellee.

Before: STEPHENS, P.J., and O'BRIEN and REDFORD, JJ.

PER CURIAM.

The prosecution appeals as of right the trial court's granting of defendant's motion to quash bindover and subsequent dismissal of two counts of armed robbery, MCL 750.529, and two counts of possession of a firearm while committing a felony (felony-firearm), MCL 750.227b, against defendant. We reverse and remand to the trial court to reinstate the charges against defendant.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On the evening of November 2, 2012, David Zakrzewski and Anthony Harris left the American Freight Furniture store in Livonia, Michigan after work. Two unidentified men came from behind an adjacent building, approached Zakrzewski, and demanded money. One of the men brandished a firearm. After Zakrzewski told them that he had no money, the men turned their attention to Harris. Having observed the men's interaction with Zakrzewski, Harris got into his car, started it and put it into reverse, attempting to leave the area and get away from the two men who were seeking to accost him and Zakrzewski. However, one of the men reached for the handle of the driver-side door and shot the firearm at Harris's vehicle while Harris reversed. Meanwhile, the other man hit the front passenger side of the vehicle near the vehicle's hood and front light with his hand and demanded that Harris stop. Harris switched gears and sped out of the parking lot and drove across the nearby intersection and stopped. Harris observed the two men jump the gate out of the parking lot and run away.

Officer David Goldberg, a Livonia Police Department crime scene investigator, arrived at the scene and met with police officers who were already there. They directed Officer Goldberg's attention to a spent shell casing in the parking lot and to possible blood on Harris's car which had

-1-

been returned to the parking lot. Officer Goldberg found two drops of blood on the passenger side door of Harris's vehicle located between the window and door handle which he photographed and collected samples of the blood and placed them into evidence. The blood samples were transferred to the Michigan State Police crime lab. Several years later, the crime lab reported that the DNA from the blood sample collected from Harris's vehicle matched defendant's DNA. At the crime lab's request, Livonia Police Department Detective Daniel Tar obtained a warrant and procured a buccal swab from defendant for further comparison with the blood samples collected from the scene. That crime lab DNA comparison analysis report indicated that the DNA from the blood at the scene so closely matched the DNA from defendant's buccal swab that a 1 in 1.57 trillion chance existed that the crime scene blood was not from defendant. The prosecution charged defendant with two counts each of armed robbery and felony-firearm.

The district court held a preliminary examination in which it heard testimony from Zakrzewski, Harris, Officer Goldberg, and Detective Tar. The prosecution introduced the crime lab report which stated that the DNA of the blood samples taken from Harris's vehicle essentially matched defendant's DNA. After hearing the evidence, the district court found probable cause to bind over defendant on the charges.

Defendant moved in the trial court to quash the information, arguing that the prosecution failed to provide sufficient evidence at the preliminary examination to support a finding of probable cause that defendant had committed the alleged crimes. In support of his motion, defendant argued that the DNA evidence alone failed to place him at the crime scene when the alleged crimes took place, and that the prosecution failed to establish sufficient facts to support the inference that defendant had been one of the two men involved in the incident. The trial court agreed and dismissed the charges against defendant, stating:

> there was no probable cause here. There was not a reasonable ground of suspicion supported by circumstances sufficiently strong in themselves to warrant a cautious person to believe that the accused is guilty of the offense charged. They have DNA and that's all they have. I don't think that given the totality of the circumstances in this case, what was not testified to, what was not placed on the record, is sufficient to sustain this bindover. The Court finds that there is a lack of probable cause and so I'm going to quash the Information.

The trial court, therefore, ordered dismissal of the case without prejudice. The prosecution now appeals.

## II. STANDARD OF REVIEW

We review "a district court's bindover decision for an abuse of discretion. An abuse of discretion occurs when the district court's decision falls outside the range of principled outcomes." *People v Fairey*, 325 Mich App 645, 649; 928 NW2d 705 (2018) (quotation marks and citation omitted). "This Court therefore essentially sits in the same position as the circuit court when determining whether the district court abused its discretion." *People v Hudson*, 241 Mich App 268, 276; 615 NW2d 784 (2000). "A circuit court's decision with respect to a motion to quash a bindover order is not entitled to deference because this Court applies the same standard of review

to this issue as the circuit court." *Id*. "Thus, in simple terms, we review the district court's original exercise of discretion." *Id*.

## III. ANALYSIS

The prosecution argues the district court did not abuse its discretion in determining probable cause existed to bind over defendant, and therefore, the trial court erred by granting defendant's motion to quash the information and dismissing the charges against defendant. We agree.

Under Michigan law, a criminal defendant has the statutory right to a preliminary hearing when a "criminal prosecution is initiated by the filing of an information rather than by indictment . . . ." *People v Taylor*, 316 Mich App 52, 54; 890 NW2d 891 (2016).

> At a preliminary examination, the prosecution must present evidence establishing that the defendant committed the charged offense, and the district court must find that probable cause exists to bind over a defendant for trial. To satisfy this burden, the prosecution must present evidence of each and every element of the charged offense, or enough evidence from which an element may be inferred. Identity is an essential element of every crime. Accordingly, to warrant a bindover, the prosecution must produce evidence that a crime was committed and that probable cause exists to believe that the charged defendant committed it. [*Fairey*, 325 Mich App at 648-649 (citations omitted).]

"Probable cause is established if the evidence would persuade a careful and reasonable person to believe in the defendant's guilt." *Id*. at 649 (citation omitted). The evidence supporting a determination of probable cause "may be circumstantial, but must nevertheless demonstrate reasonable grounds to suspect the defendant's personal guilt." *Id.* (citation omitted). "This standard requires evidence of each element of the crime charged or evidence from which the elements may be inferred." *People v Seewald*, 499 Mich 111, 116; 879 NW2d 237 (2016) (quotation marks and footnote omitted). In determining whether the prosecution has met this burden, we "review the evidence in the light most favorable to the prosecution . . . ." *Fairey*, 325 Mich App at 650.

Defendant argued that the prosecution failed to meet its burden to present evidence sufficient to support a finding of probable cause that defendant committed the alleged crimes. He contended, and the trial court agreed, that the prosecution relied on inferences drawn upon inferences from speculative evidence for identification of defendant as the perpetrator of the charged offenses. Viewing the evidence in the light most favorable to the prosecution, we conclude that the prosecution presented sufficient evidence at the preliminary examination establishing probable cause to bind over defendant to be tried on the alleged crimes.

Similar to other elements of an offense, identity may be proven by circumstantial evidence and reasonable inferences drawn from such evidence. *People v Bass*, 317 Mich App 241, 264; 893 NW2d 140 (2016). The evidence presented at the preliminary examination in this case established that Zakrzewski and Harris were accosted by two men who demanded money, one of whom pointed a handgun at Zakrzewski, next at Harris, and then discharged the gun at Harris's

car. Harris testified that, as he attempted to flee in his vehicle, the two men physically contacted his vehicle in an effort to cause him to stop. The perpetrator with the gun attempted to open Harris's driver-side door. Harris witnessed the other man strike the front of his car with his hand. After the incident, police officers found a shell casing on the ground in the parking lot and possible blood drops located on the passenger-side door of Harris's vehicle. Officer Goldberg photographed, collected, and placed into evidence samples of the blood taken from Harris's vehicle.

Later, results of DNA testing demonstrated to an extraordinarily high degree of probability that the DNA from the blood found on Harris's vehicle matched defendant's DNA obtained from him pursuant to a warrant. From the evidence presented by the prosecution at the preliminary hearing, the district court could reasonably infer, consistent with the theory of the case presented by the prosecution, that the drops of defendant's blood on Harris's vehicle were deposited there when defendant, as one of the two perpetrators of the charged crimes, struck Harris's vehicle's passenger side during the commission of the armed robbery. Viewing the evidence in a light most favorable to the prosecution, the district court did not abuse its discretion in finding that probable cause existed that defendant acted as a perpetrator of the charged offenses sufficient to bind him over for trial. The prosecution met its burden of proof at the preliminary examination.

In determining that the district court abused its discretion in binding over defendant, the trial court stated that the prosecution failed to present evidence that defendant committed the alleged crimes. In support of this determination, the trial court stated that it relied on this Court's decision in *People v Lowery*, 274 Mich App 684, 691; 736 NW2d 586 (2007). In *Lowery*, this Court stated Michigan law that multiple inferences supported by established facts may sustain a district court's decision to bind over a defendant. *Id*. Although the trial court cited *Lowery* for its statement of the law, it incorrectly applied the law to rule that the facts in this case were insufficient to establish probable cause. The trial court's ruling indicates that it required the prosecution to provide additional evidence that placed defendant at the crime scene, identified defendant as one of the two unidentified men, demonstrated that defendant suffered an injury and bled at the time of the incident, and established the vehicle's condition before the incident.

That the prosecution did not present such additional evidence, however, is not fatal to the inference made by the district court based upon the evidence presented at the preliminary examination. The evidence established that one of the two men hit the passenger side of Harris's vehicle and that blood was found on the vehicle immediately after the incident. Analysis of the sequence of events permitted the logical inference that that perpetrator's blood struck and attached to Harris's vehicle. The DNA comparative analysis established that more likely than not the blood found on Harris's car came from defendant and no one else. Harris testified that he had not seen blood on his vehicle before the incident. As the *Lowery* Court stated, "[i]t is for the trier of fact . . . to determine what inferences may be fairly drawn from the evidence and to determine the weight to be accorded those inferences." *Id*. at 691 (ellipses original; quotation marks and citation omitted). Thus, the district court could appropriately draw inferences from the evidence presented in this case to determine whether the prosecution presented sufficient evidence regarding defendant's identification as a perpetrator of the charged offenses. The district court cannot be said to have abused its discretion by doing so in this case.

The trial court also expressed concern that the evidence presented by the prosecution during the preliminary examination lacked consistency with the prosecution's own theory of the case. Specifically, the trial court noted that Harris testified that the assailant hit the front of the vehicle's passenger side near the hood, but police found defendant's blood on the passenger-side door between the handle and the window. We do not find that evidence necessarily inconsistent, but even if one could, the presentation of contradictory or inconsistent evidence at a preliminary examination is not fatal to a district court's decision to bind over a defendant. A district court's "duty at a preliminary examination is to consider all the evidence presented, including the credibility of both the prosecution and defense witnesses' testimony, and to determine on that basis whether there is probable cause to believe that the defendant has committed a crime, i.e., whether the evidence presented is sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief in the accused's guilt." *People v Anderson*, 501 Mich 175, 188; 912 NW2d 503 (2018) (quotation marks and citation omitted). Further, a district court "may not decline to bind over a defendant where there is a conflict of evidence, or where there is a reasonable doubt as to his guilt; all such questions should be left for the jury upon the trial." *Id.* at 185 (quotation marks and citations omitted). Under this standard, at the preliminary examination, the district court, and not the trial court upon review, must weigh the credibility of witnesses, "pass judgment . . . on the weight and competency of the evidence," and determine whether probable cause exists that defendant committed the alleged crime. *Id.* at 187 (quotation marks and citation omitted).

In this case, the record reflects that the district court provided an extensive summary of the evidence presented at the preliminary examination and explained its reasoning concerning why probable cause existed to bind over defendant. That some of the evidence may not perfectly align remained for resolution by the triers of fact at trial. Indeed, even if the district court determined that contradictory evidence raised questions concerning defendant's guilt, the district court was obligated to bind over defendant.[1]

---

[1] Defendant also argues that DNA evidence, absent any further corroborating evidence is insufficient to establish probable cause concerning defendant's identity as a perpetrator of the charged crimes. Defendant relies on two unpublished decisions of this Court in support of the premise that DNA evidence, on its own, is too unreliable to establish probable cause. Unpublished decisions, however, are without precedential authority and are not binding upon this Court. MCR 7.215(C)(1); *People v Daniels*, 311 Mich App 257, 268 n 4; 874 NW2d 732 (2015). Further, the unpublished cases cited by defendant are inapposite because they do not address the issue of the propriety of a district court's decision to bind over a defendant for trial based upon evidence presented by the prosecution at a preliminary hearing. In *People v Leiterman*, unpublished per curiam opinion of the Court of Appeals, issued July 24, 2007 (Docket No. 265821), this Court considered whether the trial court erred by denying the defendant's motion for a new trial based on a challenge to the reliability of DNA. In *People v Spagnola*, unpublished per curiam opinion of the Court of Appeals, issued August 4, 2009 (Docket No. 250488), this Court addressed whether failure of the defendant's counsel to explore alternate theories of DNA transfer supported the defendant's ineffective assistance of counsel claim. Neither case stands for the proposition advanced by defendant. Further, Harris's testimony at the preliminary examination provided

Having reviewed the evidence presented at the preliminary examination in a light most favorable to the prosecution, the district court's decision to bind over defendant did not fall outside of the range of principled outcomes, and therefore, did not amount to an abuse of discretion. As a result, the trial court erred by granting defendant's motion, quashing the information, and dismissing the criminal charges against defendant.

We reverse the circuit court's order dismissing the case and remand for the circuit court to reinstate the charges against defendant and for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Cynthia Diane Stephens
/s/ Colleen A. O'Brien
/s/ James Robert Redford

---

evidence of the cause and origin of the blood on his car and the DNA testing established to a high probability that the blood came from defendant.