*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
January 19, 2023

Plaintiff-Appellant,

v

No. 361145
Wayne Circuit Court
LC No. 21-008111-01-FH

ANTOINE BURTON,

Defendant-Appellee.

Before: M. J. KELLY, P.J., and BOONSTRA and SWARTZLE, JJ.

PER CURIAM.

Following a preliminary examination, the district court bound over defendant, Antoine Burton, for trial on one count of possession with intent to deliver 50 grams or more but less than 450 grams of fentanyl, MCL 333.7401(2)(a)(*iii*). Burton moved to quash the charge in the circuit court. The circuit court granted his motion and dismissed the charge. The prosecution appeals now as of right. For the reasons stated in this opinion, we reverse and remand for entry of an order reinstating the charge against Burton.

## I. BASIC FACTS

This case arises following a traffic stop of a vehicle whose driver failed to signal before turning into an apartment complex. When the vehicle stopped, a front seat passenger quickly exited and rushed toward an apartment. Because it appeared that he was attempting to "distance himself from something inside the vehicle," he was stopped and detained by one of the officers at the scene. Inside the vehicle, a backseat driver's side passenger tried to hide an open bottle of alcohol. Burton was also in the backseat. He did not make any gestures. The driver of the vehicle was asked to open her door and get out, but she initially refused. Eventually, however, she unlocked the door. One of the officers opened the front passenger-side door to prevent the doors from being locked again. He observed a firearm inside the door's side compartment.

The occupants of the vehicle were detained. While searching the vehicle for additional weapons, an officer discovered a clear plastic bag under the armrest in the middle of the backseat. The bag contained a brown square of suspected narcotics that was "[b]igger than a bar of soap." According to one officer, the bag was visible under the armrest through a gap between the armrest

and the seat. The officer also found an envelope on the backseat near the driver's side that had suspected narcotic residue on it. Another officer found a second bag of suspected narcotics underneath the driver's seat. A report from the Michigan State Police Crime Lab later confirmed that the bag found under the armrest contained 185.27 grams of fentanyl. Relevant to this appeal, Burton, who was seated by the armrest, was in possession of a "wad of folded money" and "a stack of US currency with rubber bands around it."

Burton was charged with possession with intent to deliver between 50 and 449 grams of fentanyl. The district court bound Burton over for trial after finding that there was probable cause to support the charge. Burton moved to quash the information, arguing that there was no evidence presented at the preliminary examination to establish probable cause that he possessed the fentanyl or had the intent to deliver it. As noted above, the trial court agreed, granted his motion to quash, and dismissed the charge.

## II. MOTION TO QUASH

### A. STANDARD OF REVIEW

The prosecution argues that the circuit court erred by quashing the information. "A circuit court's decision to grant or deny a motion to quash charges is reviewed de novo to determine if the district court abused its discretion in binding over a defendant for trial." *People v Jenkins*, 244 Mich App 1, 14; 624 NW2d 457 (2000). "An abuse of discretion occurs when the district court's decision falls outside the range of principled outcomes." *People v Fairey*, 325 Mich App 645, 649; 928 NW2d 705 (2018) (quotation marks and citation omitted).

### B. ANALYSIS

At a preliminary examination, the prosecution must present evidence sufficient to establish that "a felony was committed and that the defendant committed it." *People v Cervi*, 270 Mich App 603, 616; 717 NW2d 356 (2006). "When the evidence conflicts or raises a reasonable doubt concerning guilt, there are questions for the trier of fact, and the defendant should be bound over." *People v Fiedler*, 194 Mich App 682, 693; 487 NW2d 831 (1992). Probable cause requires a showing of evidence for each element of the crime "sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the accused's guilt." *People v Yost*, 468 Mich 122, 126; 659 NW2d 604 (2003) (quotation marks and citation omitted). "Evidence supporting that the defendant perpetrated the crime may be circumstantial, but must nevertheless demonstrate reasonable grounds to suspect the defendant's personal guilt." *Fairey*, 325 Mich App at 649.

In order to prove that a defendant committed the offense of possession with intent to deliver between 50 and 449 grams of fentanyl, MCL 333.7401(2)(a)(*iii*), the prosecution must prove (1) that the defendant possessed at least 50 grams, but less than 450 grams fentanyl (a schedule 2 controlled substance[1]) and (2) that he intended to deliver the fentanyl. See *People v Wolfe*, 440 Mich 508, 519; 489 NW2d 748 (1992). In this case, it is undisputed that 185.27 grams of fentanyl

---

[1] See MCL 333.7214(b).

were found under the armrest. Thus, the only issues are whether there was probable cause to believe that Burton had possession of the fentanyl and that he intended to deliver it.

Possession is the "dominion or right of control over the drug with knowledge of its presence and character." *People v Cohen*, 294 Mich App 70, 76; 816 NW2d 474 (2011) (quotation marks and citation omitted). "Dominion or control over the object need not be exclusive." *People v Flick*, 487 Mich 1, 14; 790 NW2d 295 (2010). "The defendant need not own or have actual physical possession of the substance to be found guilty of possession; constructive possession is sufficient." *Cohen*, 294 Mich App at 76. "[P]ossession may be proved by circumstantial evidence and reasonable inferences drawn from this evidence." *People v Nunez*, 242 Mich App 610, 615; 619 NW2d 550 (2000) (quotation marks and citation omitted).

Here, the preliminary examination testimony established that there was an envelope in the backseat that had suspected fentanyl residue on it, a package of fentanyl was under the driver's seat of the vehicle, and a package of fentanyl under the armrest in the backseat. The other occupants of the vehicle acted suspiciously. The front-seat passenger exited the vehicle as soon as it pulled over and initially ignored police commands to stop, the second backseat passenger was moving around in the backseat, and the driver initially refused to unlock the doors and exit the vehicle. The fentanyl was under the armrest within an arm's reach of where Burton was sitting. It was wrapped in plastic and was visible because there was a gap between the armrest and the seat. Close proximity to fentanyl in plain view supports an inference of possession. *Cohen*, 294 Mich App at 76. Here, although the circuit court credited testimony suggesting that the fentanyl was not plainly visible, there was also evidence supporting an inference that it was plainly visible. Upon searching the backseat, the officers found the bag of fentanyl. An officer testified that he "did not have to lift [the armrest]" to see it. Instead, he saw the bag because it was "sitting right underneath it. It's a nice size gap in between [the armrest and the seat]." Thus, we conclude that whether the bag of fentanyl was in plain view is a factual question for the jury. Moreover, considering the entirety of the record, an ordinary prudent person could reasonably infer that Burton knew of the presence and character of the fentanyl and that he had the right of control over it.

Intent to deliver may also be inferred. "Just as proof of actual possession of narcotics is not necessary to prove possession, actual delivery of narcotics is not required to prove intent to deliver." *Wolfe*, 440 Mich at 524. "[A] defendant's intent to deliver drugs may be inferred from the quantity of drugs in his or her possession and the way the drugs are packaged." *People v Morrison*, 328 Mich App 647, 652; 939 NW2d 728 (2019). Additionally, intent to deliver may also be inferred "from other circumstances surrounding the arrest." *Wolfe*, 440 Mich at 524.

The officers found 185.27 grams of fentanyl under the armrest next to Burton in the backseat of the vehicle. The fentanyl was wrapped in plastic and was compressed into a square shape that was larger than a bar of soap. Burton had a stack of cash that was bound together with rubber bands. An ordinary prudent person could reasonably believe that the quantity of fentanyl and the manner in which it was packaged (compressed into a square and wrapped in plastic) suggests that the fentanyl was intended to be delivered to someone else. Likewise, given that there was probable cause to believe that Burton constructively possessed the fentanyl and he actually possessed a sizable "wad" of money, there was probable cause that he was the one who intended to deliver it.

Based on the record before this Court, the trial court erred by quashing the bindover because the district court's decision was not outside the range of reasonable and principled outcomes.

Reversed and remanded to the circuit court to reinstate the charge against Burton. We do not retain jurisdiction.

/s/ Michael J. Kelly
/s/ Mark T. Boonstra
/s/ Brock A. Swartzle