*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

AARON DARELL FANCHER,

Defendant-Appellant.

UNPUBLISHED
October 26, 2023

No. 362292
Kalamazoo Circuit Court
LC No. 2021-001770-FC

Before: RICK, P.J., and SHAPIRO and YATES, JJ.

PER CURIAM.

Defendant appeals as of right his jury convictions for (1) two counts of assault with intent to rob while armed, MCL 750.89; and (2) one count of first-degree home invasion, MCL 750.110a(2). The trial court sentenced defendant, as a fourth-offense habitual offender, MCL 769.12, to serve concurrent sentences of 14 to 30 years and 9 to 20 years in prison, respectively. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of a home invasion and robbery by multiple masked men. Two of the robbers held the victims inside the home at gunpoint, demanding money. After one victim stated there was money in the basement, a third person went to check. The robbers stole not only money, but some of the victims' "Jordan shoes" that were stored in large totes in the basement.

Neighbors of the victims testified as to activity they witnessed outside the home around the time of the robbery. One neighbor saw a stationary vehicle outside the victims' home, and "saw a gentleman get out of the driver's side door and flick a cigarette and then walk towards the house." The cigarette landed "[s]omewhere in the vicinity of the back of the vehicle in that area; like right in front of our mailbox area." Another neighbor saw a vehicle parked, but running, outside the victims' home. This neighbor then saw a man exit the victims' garage, run back inside, and exit again carrying a tote. The man then entered the parked vehicle, and the vehicle sped off.

After police arrived at the scene, they interviewed the victims and witnesses. One officer learned of the cigarette, and found only one cigarette butt in the area identified by the witness.

DNA pulled from the cigarette butt was run through the Combined DNA Indexing System (CODIS), which associated defendant with the sample. Police investigated, identifying two telephone numbers associated with defendant, and obtained a search warrant for the cellular provider. The documents from the provider indicated one of the telephone numbers was only in Kalamazoo once, the date of the robbery, between August 2017 and November 2020. Indeed, at the time and date of the robbery, the cell phone used cell towers near the victims' home. The detective assigned to the case called the telephone number in question, which defendant answered and identified himself. However, at a later interview, defendant contended, while he used the telephone number in the past, it was not until after the robbery took place, and he had since changed telephone numbers. The subscriber and payor of the telephone number was the mother of defendant's children.

The jury found defendant guilty of two counts of assault with intent to rob while armed and one count of first-degree home invasion. Additionally, the jury found defendant not guilty of four counts of carrying a firearm during the commission of a felony and one count of being a felon in possession of a firearm. After sentencing, defendant moved for a new trial or directed verdict of acquittal, arguing the circumstantial evidence presented by the prosecution was insufficient to identify defendant as a participant in the crime—an essential element—and the jury's verdict was against the great weight of the evidence. The trial court denied defendant's motion, concluding:

> The government concedes that without incriminating remarks or eyewitness testimony placing Defendant at the scene, the evidence in support of identity here is circumstantial. However, the court agrees with the government that the amount of circumstantial evidence was sufficient to satisfy a rational juror beyond a reasonable doubt that the Defendant participated in the crimes he was ultimately convicted of.

\* \* \*

> In the instant case, the government provided the jury with the following pertinent evidence:
>
> 1. The complainants were consistent with their account of how they were robbed; i.e., on [the date of the robbery], two masked men held them at gunpoint while at least one other person robbed them of money and shoes that were located in "totes."
>
> 2. [The complainants] testified that at least one intruder went to the basement where the money and the totes holding the shoes were located.
>
> 3. Neighbors saw a vehicle with the engine running outside of the complainants' home during the time it is claimed that they were being robbed and two witnesses testified that they saw an individual run from the home, hop inside the vehicle and the vehicle sped off.
>
> 4. One witness also testified that he heard one of the men exclaim that he forgot a "tote" and saw a man run back into the home and return with an object that compared to a tote.

5. [A neighbor] testified that while looking out of her living room window at the apparent getaway vehicle, she noticed that the person who got out of the driver's side door flick a cigarette near a mailbox. She later pointed this out to an investigating law enforcement officer.

6. Shortly after the incident, police retrieved a single cigarette butt found in the area that [the neighbor] described and sent it to a crime laboratory for analysis.

7. Michigan State Police was able to extract DNA from the cigarette butt and through the Combined DNA Indexing System, the profile matched that of the Defendant.

8. Police obtained and reviewed cellphone [sic] records associated with either the Defendant or the mother of his children.

9. Cellular records and tower mapping revealed that the cell phone that Defendant had earlier remarked was one that he used, travelled from Holland to Kalamazoo on the incident date and was in the general vicinity of the crime scene at the time of the robbery.

10. Similar cellular records supported the position that Defendant's phone was not in Kalamazoo at any other time beyond [the date of the crime] but remained in the Holland area where evidence suggested the Defendant lived.

Defendant now appeals.

## II. ANALYSIS

Defendant argues the trial court abused its discretion by denying his motion for a new trial based on insufficiency of the evidence, and his convictions are against the great weight of the evidence. We disagree.[1]

---

[1] "This Court reviews de novo challenges to the sufficiency of the evidence." *People v Solloway*, 316 Mich App 174, 180; 891 NW2d 255 (2016). This Court examines the evidence in the light most favorable to the prosecution in determining whether the prosecution presented sufficient evidence which could allow a rational trier of fact to find a defendant guilty beyond a reasonable doubt. *People v Smith-Anthony*, 494 Mich 669, 676; 837 NW2d 415 (2013).

"The credibility of witnesses and the weight accorded to evidence are questions for the jury, and any conflict in the evidence must be resolved in the prosecutor's favor." *People v Harrison*, 283 Mich App 374, 378; 768 NW2d 98 (2009). This Court "will not resolve credibility issues anew on appeal." *People v Milstead*, 250 Mich App 391, 404; 648 NW2d 648 (2002).

"This Court reviews for an abuse of discretion a trial court's decision to grant or deny a motion for a new trial. An abuse of discretion occurs when the trial court renders a decision falling

Defendant was convicted of two counts of assault with intent to rob while armed, MCL 750.89, and one count of first-degree home invasion, MCL 750.110a(2). Defendant does not dispute there was a home invasion or robbery. Instead, defendant argues an essential element in all criminal prosecutions—identity—was not proven with sufficient evidence. See *People v Fairey*, 325 Mich App 645, 649; 928 NW2d 705 (2018) ("Identity is an essential element of every crime."). The two primary pieces of evidence the prosecution provided in support of defendant's charges were defendant's DNA on a cigarette butt located near the victims' home on the night of the robbery, and a cell phone number, which, when called, was answered by defendant. That cell phone number had used the cell towers closest to the victims' home at the time of the home invasion.

As the trial court reasoned, there was sufficient circumstantial evidence to place defendant at the scene of the crime, specifically as the unknown man who exited the vehicle's driver side door, flicked a cigarette, and then walked toward the victims' home. The testifying witness stopped watching defendant at this point, and did not see whether defendant actually entered the home. However, this testimony still allows for an inference that he did, or, at the very least, contradicts defendant's suggestion that he merely stood outside by the vehicle with no knowledge of what was occurring inside the victims' home. Regardless, even if defendant did not hold the victims at gunpoint or enter the home, the evidence establishes defendant participated in the robbery, even if only as an aider-abettor.[2] The jury, when presented with this evidence, was able to make the reasonable inference that the vehicle defendant exited was the same vehicle later observed speeding away from the victims' home after one of the passengers ran back into the home to retrieve a tote. Defendant, who may be reasonably inferred to have been the driver of the vehicle, plainly assisted the commission of the crime by speeding away. Viewed in a light most favorable to the prosecution, this was sufficient evidence for a reasonable trier of fact to determine defendant "performed acts or gave encouragement that assisted the commission of the crime," *People v Jackson*, 292 Mich App 583, 589; 808 NW2d 541 (2011), and "intended the commission

outside the range of principled decisions." *People v Powell*, 303 Mich App 271, 276-277; 842 NW2d 538 (2013) (citation omitted).

[2] The jury was instructed on aiding and abetting, MCL 767.39: "Every person concerned in the commission of an offense, whether he directly commits the act constituting the offense or procures, counsels, aids, or abets in its commission may hereafter be prosecuted, indicted, tried and on conviction shall be punished as if he had directly committed such offense."

> To support a finding that a defendant aided and abetted a crime, the prosecution must show that (1) the crime charged was committed by the defendant or some other person, (2) the defendant performed acts or gave encouragement that assisted the commission of the crime, and (3) the defendant intended the commission of the crime or had knowledge that the principal intended its commission at the time he gave aid and encouragement. [*People v Jackson*, 292 Mich App 583, 589; 808 NW2d 541 (2011) (quotation marks and citation omitted).]

"Aiding and abetting describes all forms of assistance rendered to the perpetrator, including any words or deeds that may support, encourage, or incite the commission of a crime." *Id.*

of the crime or had knowledge that the principal intended its commission at the time he gave aid and encouragement." *Id.*

For the same reasons, we conclude the verdict was not against the great weight of the evidence.

> In contrast to a challenge to the sufficiency of the evidence, a motion for a new trial based on a belief that the verdict was against the great weight of the evidence does not implicate issues of constitutional magnitude and, for that reason, the decision to grant a new trial is committed to the discretion of the trial court. [*People v Roper*, 286 Mich App 77, 83-84; 777 NW2d 483 (2009).]

"Thus, a new trial based upon the weight of the evidence should be granted only where the evidence preponderates heavily against the verdict and a serious miscarriage of justice would otherwise result." *People v Lemmon*, 465 Mich 625, 642; 576 NW2d 129 (1998) (quotation marks and citation omitted).

"To determine whether a verdict is against the great weight of the evidence, or has worked an injustice, a judge necessarily reviews the whole body of proofs." *People v Herbert*, 444 Mich 466, 475; 511 NW2d 654 (1993), overruled in part on other grounds *Lemmon*, 465 Mich 625. "[A]bsent exceptional circumstances, issues of witness credibility are for the jury, and the trial court may not substitute its view of the credibility 'for the constitutionally guaranteed jury determination thereof.' " *Lemmon*, 465 Mich at 642 (citation omitted). Exceptions include testimony that contradicts indisputable physical facts or laws, testimony that is patently incredible or defies physical realities, testimony that is material and is so inherently implausible that it could not be believed by a reasonable juror, or testimony that was seriously impeached. *Id.* at 643-644.

"Generally, a verdict may be vacated only when the evidence does not reasonably support it and it was more likely the result of causes outside the record, such as passion, prejudice, sympathy, or some other extraneous influence." *People v Lacalamita*, 286 Mich App 467, 469; 780 NW2d 311 (2009). "The hurdle that a judge must clear in order to overrule a jury and grant a new trial is unquestionably among the highest in our law." *People v Unger*, 278 Mich App 210, 232; 749 NW2d 272 (2008) (quotation marks and citation omitted). Defendant again argues there is little to no evidence indicating he participated in the home invasion or robbery, either as a principal or aider-abettor, and there was no direct evidence of face or voice identification, license plate numbers, fingerprints, boot prints, or guns. However, there was sufficient circumstantial evidence to prove beyond a reasonable doubt that defendant participated in, or aided and abetted, the home invasion and robbery, and defendant did not present any evidence weighing more heavily in his favor than against him. Because the evidence does not preponderate so heavily against the jury's verdict that it would be a miscarriage of justice to allow the verdict to stand, see *Lemmon*, 465 Mich at 642, the trial court did not abuse its discretion by refusing to grant a new trial.

Affirmed.

/s/ Michelle M. Rick
/s/ Douglas B. Shapiro
/s/ Christopher P. Yates