*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

JOVONE PARKS,

      Defendant-Appellant.

UNPUBLISHED
December 14, 2023

No. 366171
Wayne Circuit Court
LC No. 22-007075-01-FH

Before: LETICA, P.J., and O'BRIEN and CAMERON, JJ.

PER CURIAM.

In this interlocutory appeal, defendant appeals by leave granted[1] the order denying his motion to quash the information charging him with first-degree home invasion, MCL 750.110a(2). We affirm.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

The morning of the crime, the victim observed a person wearing a black ski mask and hoodie breaking into her home through a kitchen window. The victim shot at the intruder three times before he ran away. A Detroit police officer interviewed defendant at a hospital, where he was being treated for a gunshot wound to his arm. Defendant was charged as noted and was bound over to the circuit court. He filed a motion to quash the information, which the circuit court denied. This appeal followed.

## II. MOTION TO QUASH

On appeal, defendant argues that the circuit court abused its discretion in denying his motion to quash the information. We disagree.

---

[1] *People v Parks*, unpublished order of the Court of Appeals, entered July 31, 2023 (Docket No. 366171).

-1-

## A. STANDARD OF REVIEW

"A district court magistrate's decision to bind over a defendant and a trial court's decision on a motion to quash an information are reviewed for an abuse of discretion." *People v Simon*, 339 Mich App 568, 580; 984 NW2d 800 (2021) (quotation marks and citation omitted). An abuse of discretion occurs when a trial court's decision "falls outside the range of principled outcomes." *People v Seewald*, 499 Mich 111, 116; 879 NW2d 237 (2016) (quotation marks and citation omitted). "A circuit court's decision with respect to a motion to quash a bindover order is not entitled to deference because this Court applies the same standard of review to this issue as the circuit court." *People v Hudson*, 241 Mich App 268, 276; 615 NW2d 784 (2000).

## B. LAW AND ANALYSIS

To bind over a defendant, the prosecution "must present evidence establishing that the defendant committed the charged offense . . . ." *People v Fairey*, 325 Mich App 645, 648; 928 NW2d 705 (2018). A defendant cannot be bound over to the circuit court unless the prosecution establishes probable cause for each element of the charge offense. *Id.* at 649. "Probable cause is established if the evidence would persuade a careful and reasonable person to believe in the defendant's guilt." *Id.* The evidence may be circumstantial, but still must create reasonable grounds to suspect the defendant's guilt. *Id.* The prosecution does not need to prove the defendant's guilt beyond a reasonable doubt to bind the defendant over. *Hudson*, 241 Mich App at 278. The prosecution must present evidence that creates more than a suspicion of guilt; it must establish a reasonable belief that the defendant committed the crime. *Fairey*, 325 Mich App at 651.

In this case, whether a home invasion occurred is not contested. Instead, defendant challenges whether the prosecution met its burden of establishing probable cause that defendant committed the crime. The prosecution relied on preliminary examination testimony from the victim and the police officer who interviewed defendant at the hospital to create a reasonable belief that defendant committed the home invasion. The victim testified that, after hearing a noise in her house, she retrieved her gun and looked around the home. She saw a man coming through her kitchen window wearing a black ski mask and hoodie. She only saw his head and arms. She testified that she then shot her gun three times, and that "once [she] shot the guy in the window he started to run."

The police officer testified that defendant was being treated for a gunshot wound to his arm. He said that defendant described the location where he was shot—specifically, outside "The Blue Liquor Store" which is just a few blocks away from the site of the home invasion. He testified that defendant's clothing had been cut off to treat his gunshot wound, but that defendant had been wearing all dark clothing, including black ripped jeans and a black hoodie. The officer did not find a ski mask.

In binding defendant over to the circuit court, the district court found there was a reasonable belief defendant had committed the home invasion. It reasoned that, based on the testimony, defendant was in close vicinity to the home in question and he matched the description given by the victim. The court further noted that defendant was shot in an area of the body that was likely visible to the victim from her vantage point in the home.

A careful and reasonable person could believe defendant committed the home invasion. The evidence demonstrated defendant was within three blocks of the home, was shot in an area of the body that the victim could see as he entered through her window, and matched the general description of the intruder. These events occurred on the same day defendant was interviewed at the hospital as part of this home invasion investigation.

Defendant argues that the police officer's testimony—that defendant claims to have been shot outside a liquor store—does nothing to help establish defendant was instead shot at the victim's home. Defendant also contends that while the police officer said he interviewed defendant on the same day as the home invasion, a time of day was not established. However, the police officer stated that he assisted in the investigation of the home invasion in question by visiting a hospital on the same day the victim called police. Logically, it can be inferred that the officer's visit to the hospital occurred after the home invasion. Sustaining a gunshot wound to the arm would also be consistent with the victim's testimony. If a person was climbing through a window and only his head and arms were visible, it is logical for the intruder to have been shot in the arm, as defendant was.

Defendant also argues that he wore a generic and common set of clothing that day and that his outfit was not a close enough match to prove identity. But the victim described the intruder as wearing a black ski mask and hoodie, and, although the police officer did not find a ski mask at the hospital, he testified that defendant was wearing black jeans and a black hoodie. The district court found that defendant's outfit was similar to what the victim described, and the circuit court agreed. Although the victim did not specify the color of the hoodie, a reasonable person could, for purposes of probable cause, infer that the hoodie was also black since the victim did not identify another color, and likely would have done so given that she thought to note the color of the ski mask. Indeed, it is likely that if the victim noticed a different color hoodie, she would have noted that distinction. Regardless of that, the record established that defendant was wearing a hoodie and that is what the victim described the intruder to have worn, even if it is a common article of clothing. Inferences may be relied upon in establishing probable cause. *Fairey*, 325 Mich App at 651.

The facts as they were presented at the preliminary examination were sufficient to establish a reasonable belief that defendant committed the home invasion. Thus, the circuit court did not abuse its discretion in denying defendant's motion to quash.

Affirmed.


/s/ Anica Letica
/s/ Colleen A. O'Brien
/s/ Thomas C. Cameron

-3-