# Syllabus

Chief Justice:
Stephen J. Markman

Justices:
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Kurtis T. Wilder
Elizabeth T. Clement

**This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.**

Reporter of Decisions:
Kathryn L. Loomis

## PEOPLE v ANDERSON

Docket No. 155172. Argued on application for leave to appeal January 10, 2018. Decided March 16, 2018.

Tremel Anderson was charged in the 36th District Court with assault with intent to commit murder, MCL 750.83; carrying a concealed weapon, MCL 750.227; felonious assault, MCL 750.82; and carrying a firearm during the commission of a felony, MCL 750.227b, following an incident that allegedly occurred between her and Michael Larkins, the father of her child. The only evidence presented at the preliminary examination was Larkins's testimony. According to Larkins, defendant was driving him home when they got into an argument. Larkins testified that defendant threatened to kill him, grabbed a gun from between her legs, and pointed it at him for about five minutes before pulling over to the side of the road near Larkins's home, where defendant and Larkins continued to argue while defendant kept the gun pointed at him. Defendant then demanded that Larkins return a spare set of keys to her car, while Larkins sought to negotiate a trade of the keys for Christmas gifts that were in defendant's car. When Larkins refused to give defendant the keys, defendant called the police, and Larkins yelled for help. Larkins testified that defendant then attempted to fire the gun at him, but the gun failed to discharge, and he jumped out of the car and ran away as defendant fired three more shots in his direction. Larkins stated that he reached a neighbor's home and called the police. The district court, Shannon A. Holmes, J., found Larkins's testimony not credible and therefore dismissed the complaint. The prosecutor appealed this decision in the Wayne Circuit Court, where the judge, Alexis A. Glendening, J., treated the claim of appeal as a motion and denied it without further explanation. The Court of Appeals, JANSEN and M. J. KELLY, JJ. (SAAD, P.J., dissenting), affirmed in a split decision. *People v Anderson*, unpublished per curiam opinion of the Court of Appeals, issued Nov 29, 2016 (Docket No. 327905). The prosecutor sought leave to appeal in the Supreme Court, which ordered and heard oral argument on whether to grant the application or take other peremptory action. 500 Mich 1011 (2017).

In a unanimous opinion by Chief Justice MARKMAN, the Supreme Court, in lieu of granting leave to appeal, *held*:

A magistrate's duty at a preliminary examination is to consider all the evidence presented, including the credibility of witnesses' testimony, and to determine on that basis whether there is probable cause to believe that the defendant committed a crime; in other words, whether the evidence presented is sufficient to cause a person of ordinary prudence and caution

to conscientiously entertain a reasonable belief of the accused's guilt.  Because the magistrate in this case did not abuse her discretion by determining that Larkins's testimony was not credible and there was no other evidence presented during the preliminary examination, the district court's order dismissing the charges against defendant was affirmed.

1.  In Michigan, a criminal defendant has a statutory right under MCL 766.1 to a prompt examination and determination by an examining magistrate.  MCL 766.4(6) provides that at this preliminary examination, the magistrate shall examine the complainant and the witnesses in support of the prosecution on oath concerning the offense charged and in regard to any other matters connected with the charge that the magistrate considers pertinent.  Under MCL 766.13, if the magistrate determines at the conclusion of the preliminary examination that a felony has not been committed or that there is not probable cause for charging the defendant with committing a felony, the magistrate shall either discharge the defendant or reduce the charge to an offense that is not a felony.  If the magistrate determines at the conclusion of the preliminary examination that a felony has been committed and that there is probable cause for charging the defendant with committing a felony, the magistrate shall bind the defendant to appear within 14 days for arraignment before the circuit court of that county, or the magistrate may conduct the circuit court arraignment as provided by court rule.  Thus, a magistrate is required to determine at the conclusion of the preliminary examination whether there is probable cause to believe that the defendant committed a crime.   The use of the word "determine" communicates that the magistrate must exercise some judgment in analyzing the evidence at the preliminary examination when deciding whether there is probable cause to bind over a defendant.  MCL 766.13 provides that a magistrate's determination regarding the existence of probable cause must be made at the conclusion of the preliminary examination.  This strongly suggests that the magistrate must consider the totality of the evidence presented at that juncture even if evidence introduced at the outset of the preliminary examination initially appears to have satisfied the elements of a criminal offense.  In sum, MCL 766.13 requires a magistrate to consider all the evidence presented and on that basis to determine whether there is a quantum of evidence sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the accused's guilt.  During a preliminary examination, the magistrate has not only the right but also the duty to pass judgment on the weight and competency of the evidence and on the credibility of the witnesses.  A magistrate may not decline to bind over a defendant when there is a conflict of evidence or when there is a reasonable doubt regarding the defendant's guilt, but must leave such questions for the jury at trial.  Contrary to the prosecutor's argument, nothing in MCL 766.1 *et seq.* suggests that a magistrate's consideration of credibility at a preliminary examination should be limited to whether testimony was so far impeached that it was deprived of all probative value or contradicted indisputable physical facts or defied physical realities, and the adversarial nature of a preliminary examination would be largely meaningless if a magistrate were required to accept as true any testimony that met this standard.  While this limitation makes sense in the context of a motion for a new trial because it is the jury's constitutional duty as the trier of fact to assess credibility and to render the ultimate factual findings necessary to convict a defendant, a preliminary examination is a statutory creation in which the magistrate is the trier of fact, thus making it the magistrate's duty to determine whether there is probable cause to bind over a defendant.  A necessary corollary of this general duty is the duty to pass judgment not only on the weight and competency of the evidence, but also on the credibility of the witnesses.

2.    The magistrate in this case articulated several reasons in particular for finding Larkins's testimony not credible, including the fact that he claimed to be negotiating for Christmas gifts while defendant was pointing a gun at him, that he freely entered the car with defendant despite allegedly having been threatened by defendant in the past and not having access to a cell phone to seek help, that he had never called the police to report defendant's earlier threats, and that his testimony was "all over the place everywhere."  These reasons, considered in light of the magistrate's superior ability to observe Larkins's demeanor while testifying, afforded the magistrate a principled basis for concluding that Larkins's testimony was not credible, and therefore the magistrate's credibility determination was not outside the range of principled outcomes.

Affirmed.

©2018 State of Michigan

# OPINION

Chief Justice:
Stephen J. Markman

Justices:
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Kurtis T. Wilder
Elizabeth T. Clement

FILED March 16, 2018

STATE OF MICHIGAN

SUPREME COURT

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellant,

v

No. 155172

TREMEL ANDERSON,

       Defendant-Appellee.

BEFORE THE ENTIRE BENCH

MARKMAN, C.J.

The issue in this case concerns the manner in which a magistrate may consider the credibility of witnesses' testimony in determining whether to bind over a defendant. We hold that a magistrate's duty at a preliminary examination is to consider all the evidence presented, including the credibility of witnesses' testimony, and to determine on that basis whether there is probable cause to believe that the defendant committed a crime, i.e., whether the evidence presented is "sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the accused's guilt."

*People v Yost*, 468 Mich 122, 126; 659 NW2d 604 (2003) (quotation marks and citation omitted). Because the magistrate in this case did not abuse her discretion in determining that the complainant's testimony was not credible and there was no other evidence presented during the preliminary examination, we affirm the district court's order dismissing the charges against defendant.

## I. FACTS AND HISTORY

Defendant, Tremel Anderson, was charged with assault with intent to commit murder, MCL 750.83; carrying a concealed weapon, MCL 750.227; felonious assault, MCL 750.82; and carrying a firearm during the commission of a felony, MCL 750.227b. At the preliminary examination, the complainant, Michael Larkins, testified as follows.

At approximately 11:30 p.m. on December 24, 2014, defendant was driving Larkins home when they got into an argument. Larkins and defendant had a newborn baby together, but they were not in a relationship. Defendant was angry because Larkins did not buy a swing for their infant son and because she believed that Larkins was in contact with his ex-girlfriend. During the argument, defendant threatened to kill Larkins, grabbed a gun from between her thighs, and pointed it at him. Defendant kept driving for five minutes with the gun pointed at Larkins but eventually pulled over to the side of the road approximately two blocks from Larkins's home. For five to seven minutes, defendant and Larkins continued to argue while defendant kept the gun pointed at Larkins. Defendant then demanded that Larkins return a spare set of keys to her car, while the latter sought to negotiate a trade of the keys for Christmas gifts that were in defendant's car. When Larkins refused to give defendant the keys, defendant called the

2

police.[1]  Larkins believed that defendant called the police in order to create a diversion. While defendant was on the phone with the police, Larkins yelled for help.  Defendant then attempted to fire the gun at Larkins, but the gun failed to discharge.  Larkins jumped out of the car and ran away as defendant fired three more shots in his direction, but none of the shots hit Larkins.  Finally, defendant threw Larkins's belongings out of her car and drove away.  Larkins reached a neighbor's home and called the police.

Larkins's testimony constituted the only evidence presented at the preliminary examination.  The magistrate found this testimony not credible and therefore dismissed the complaint:

> [W]ell, let me tell you what my issues are so that we can go straight to the point, huge issues with credibility.  This young man wants me to believe that somebody had a gun on him; they pulled the car over; he asked to get out; but he wanted his Christmas gifts.
>
> He is afraid because this person had threatened to kill him and they're pointing a gun at him, but he wants to get his Christmas gifts for his family.  I don't [sic] any testimony about a handgun.  If I don't believe this witness, if I find him to not be credible, which in a preliminary examination, I have to determine the credibility of the witness.
>
> You've put on no witness to tell me that there was a handgun recovered.  You've put on no witness to tell me that there was some spent casings, shell casings that were recovered.
>
> There's no witness, other than this young man, who is just all over the place everywhere and although he's claimed that this gun was pulled out, I'm just going to tell you, I am having a hard time believing that his life was at stake and we have no tape of the 911 call that supports that he felt that he was in danger.

---

[1] Larkins testified that he did not call the police because his phone's battery was dead.

We have nothing else but his testimony that is, quite frankly, that is just incredible. He is not a credible witness.

The magistrate also noted that, despite having allegedly been threatened by defendant in the past, Larkins never called the police and that he entered the car with defendant even though he did not have a functioning cell phone with him to seek help. The prosecutor appealed the magistrate's decision in the circuit court, which treated the claim of appeal as a motion and denied it without further explanation,[2] and the Court of Appeals affirmed in a split decision. *People v Anderson*, unpublished per curiam opinion of the Court of Appeals, issued Nov 29, 2016 (Docket No. 327905).

## II. STANDARD OF REVIEW

This Court recently described the standard of review applicable to a magistrate's determination as to whether to bind over a defendant:

> In order to bind a defendant over for trial in the circuit court, the district court must find probable cause that the defendant committed a felony. This standard requires evidence of each element of the crime charged or evidence from which the elements may be inferred. Absent an abuse of discretion, a reviewing court should not disturb the district court's bindover decision. An abuse of discretion occurs when the trial court's decision falls outside the range of principled outcomes. [*People v Seewald*, 499 Mich 111, 116; 879 NW2d 237 (2016) (quotation marks and citations omitted).]

---

[2] As the Court of Appeals noted, the circuit court erred by treating the prosecutor's appeal as a "motion" and "denying" the "motion" without issuing an oral or written opinion. MCR 7.103(A)(1) (providing a circuit court jurisdiction over an appeal of a final judgment of a district court); MCR 7.114(B) (requiring a circuit court to decide such an appeal "by oral or written opinion and issue an order"). However, because the prosecutor does not seek any relief for this error, the issue must be deemed abandoned. *People v Bean*, 457 Mich 677, 685 n 13; 580 NW2d 390 (1998), citing *Mitcham v Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959).

4

Questions of statutory interpretation are reviewed de novo. *People v Calloway*, 500 Mich 180, 184; 895 NW2d 165 (2017).

## III. ANALYSIS

## A. PRELIMINARY EXAMINATIONS

While "the Fourth Amendment requires a timely judicial determination of probable cause as a prerequisite to detention," *Gerstein v Pugh*, 420 US 103, 126; 95 S Ct 854; 43 L Ed 2d 54 (1975), a defendant has no constitutional right to an adversarial hearing to challenge the existence of probable cause, *id.* at 120. However, in Michigan, "[t]he state and the defendant" do have a statutory right "to a prompt examination and determination by the examining magistrate in all criminal causes . . . ." MCL 766.1. Therefore, the proper role of a magistrate during a preliminary examination constitutes a question of statutory interpretation, the resolution of which begins with an examination of the language of the statute. *People v Feeley*, 499 Mich 429, 435; 885 NW2d 223 (2016). When interpreting a statute, "[a]ll words and phrases shall be construed and understood according to the common and approved usage of the language; but technical words and phrases, and such as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning." MCL 8.3a. "When the language of a statute is clear, it is presumed that the Legislature intended the meaning expressed therein." *Epps v 4 Quarters Restoration LLC*, 498 Mich 518, 529; 872 NW2d 412 (2015).

MCL 766.4(6) provides that "[a]t the preliminary examination, a magistrate shall examine the complainant and the witnesses in support of the prosecution, on oath . . . concerning the offense charged and in regard to any other matters connected with the

5

charge that the magistrate considers pertinent." The rules of evidence apply (with limited exceptions) to the proceeding, MCL 766.11b(1), and a defendant may cross-examine the prosecutor's witnesses and present witnesses on his or her own behalf, MCL 766.12.

> *If the magistrate determines at the conclusion of the preliminary examination that a felony has not been committed or that there is not probable cause for charging the defendant with committing a felony, the magistrate shall either discharge the defendant or reduce the charge to an offense that is not a felony.* If the magistrate determines at the conclusion of the preliminary examination that a felony has been committed and that there is probable cause for charging the defendant with committing a felony, the magistrate shall forthwith bind the defendant to appear within 14 days for arraignment before the circuit court of that county, or the magistrate may conduct the circuit court arraignment as provided by court rule. [MCL 766.13 (emphasis added).]

Thus, a magistrate is required to "determine at the conclusion of the preliminary examination" whether there is "probable cause" that the defendant has committed a crime. "Probable cause requires a quantum of evidence sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the accused's guilt." *Yost*, 468 Mich at 126 (quotation marks and citations omitted). The relevant definitions of "determine" are "to settle or decide by choice of alternatives or possibilities" and "to find out or come to a decision about by investigation, reasoning, or calculation[.]" *Merriam-Webster's Collegiate Dictionary* (11th ed), defs 1c and 4. The use of the word "determine" communicates that the magistrate must exercise some judgment in analyzing the evidence at the preliminary examination when deciding whether there is probable cause to bind over a defendant. Finally, a magistrate's "determin[ation]" regarding the existence of probable cause must be made "at the conclusion of the preliminary examination . . . ." MCL 766.13. This strongly suggests

6

that a magistrate must consider the totality of the evidence presented at that juncture, and that a magistrate must do so even if evidence introduced at the outset of the preliminary examination initially appears to have satisfied the elements of a criminal offense. See *People v King*, 412 Mich 145, 154; 312 NW2d 629 (1981) ("The magistrate is required to make his determination *after* an examination of the whole matter[.]") (quotation marks and citation omitted; emphasis added). In sum, MCL 766.13 requires a magistrate to consider *all* the evidence presented and on that basis to "determine" whether there is "a quantum of evidence sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the accused's guilt." *Yost*, 468 Mich at 126 (quotation marks and citation omitted).

This Court has held that during a preliminary examination, "the magistrate ha[s] not only the right but, also, the duty to pass judgment not only on the weight and competency of the evidence, but also [on] the credibility of the witnesses." *People v Paille #2*, 383 Mich 621, 627; 178 NW2d 465 (1970); see also *King*, 412 Mich at 153 (quoting *Paille*). We have also held that a magistrate may not decline to bind over a defendant "where there is a conflict of evidence, or where there is a reasonable doubt as to his guilt; all such questions should be left for the jury upon the trial." *Yaner v People*, 34 Mich 286, 289 (1876); see also *People v Doss*, 406 Mich 90, 103; 276 NW2d 9 (1979). In *Yost*, we stated that "[t]here is some tension between" these two principles, but we declined "to clarify the interplay between" these principles in that case. *Yost*, 468 Mich at 128 n 8. The prosecutor argues that this Court should now resolve this "tension" by adopting the standard from *People v Lemmon*, 456 Mich 625; 576 NW2d 129 (1998)-- limiting a judge's authority to assess witnesses' credibility in ruling on a motion for a

7

new trial-- in the context of preliminary examinations. Specifically, the prosecutor argues that a magistrate must accept the veracity of testimony offered at a preliminary examination unless the "testimony was so far impeached that it was deprived of all probative value or that the jury could not believe it, or [the testimony] contradicted indisputable physical facts or defied physical realities . . . ." *Id.* at 645-646 (quotation marks and citations omitted).

We respectfully decline the prosecutor's invitation to incorporate the *Lemmon* standard into preliminary examinations. Initially, we disagree with the prosecutor that a magistrate's "duty" to consider the credibility of witnesses' testimony is inconsistent with the proposition that a magistrate should bind over a defendant if "there is a conflict of evidence or where there is a reasonable doubt as to his guilt." *Yost*, 468 Mich at 128-129. Rather, we believe this proposition is essentially an alternative articulation of the probable-cause standard for binding over a defendant in contrast to the standard for conviction at trial.[3] That is, "where there is a conflict of evidence or where there is a reasonable doubt as to [a defendant's] guilt," *Yaner*, 34 Mich at 289, there generally will

_____

[3] *Yaner*, 34 Mich at 289 ("We do not desire to be understood that the magistrate must nicely weigh evidence as a petit jury would, or that he must discharge the accused where there is a conflict of evidence, or where there is a reasonable doubt as to his guilt; all such questions should be left for the jury upon the trial."); *People v Medley*, 339 Mich 486, 492; 64 NW2d 708 (1954) ("The object of the examination is not to determine guilt or innocence, and it is not as necessary to make strict proof as on the trial. The magistrate . . . is not required to nicely weigh the evidence as a petit jury, or to discharge the accused where there is a conflict of evidence, or where there is a reasonable doubt as to his guilt, as all such questions should be left to the jury upon the trial. It is not necessary to establish the respondent's guilt beyond a reasonable doubt before the examining magistrate, but only to offer proof that an offense . . . has been committed, and there is probable cause to believe the defendant guilty thereof.").

8

be probable cause to bind over a defendant, even if "the magistrate may have had reasonable doubt that defendant committed the crime," *Yost*, 468 Mich at 133. Accordingly, while there may indeed be "some tension" between these two principles, there is no actual conflict that requires resolution by this Court, but rather only clarification.

Nothing in MCL 766.1 *et seq.* suggests that a magistrate's consideration of credibility should be limited to whether "testimony was so far impeached that it was deprived of all probative value . . . or contradicted indisputable physical facts or defied physical realities . . . ." *Lemmon*, 456 Mich at 645-646 (quotation marks and citations omitted). To the contrary, the adversarial nature of a preliminary examination would be largely meaningless if a magistrate were required to accept as true any testimony that is not patently incredible or that does not defy physical reality. See *People v Richardson*, 469 Mich 923, 938 (MARKMAN, J., dissenting) ("[I]f a magistrate is obligated to accept at face value *any* testimony, there would be little reason to allow for cross-examination or for a defense presentation at all at the preliminary examination. . . . Because MCL 766.12 specifically provides for the operation of the adversarial process at the preliminary examination, it is reasonable to conclude that the magistrate is not precluded altogether from assessing witness credibility."). Moreover, the *Lemmon* standard is designed in particular to prevent a court from acting as a "thirteenth juror and overrul[ing] the credibility determinations of the jury . . . ." *Lemmon*, 456 Mich at 637. This limitation makes sense in the context of a motion for a new trial because it is the *jury's* constitutional duty as the trier of fact to assess credibility and to render the ultimate factual findings necessary to convict a defendant. *Id.* at 637-638, 642-643; Const 1963,

9

art 1, § 14.  By contrast, a preliminary examination is a statutory creation in which the magistrate is the trier of fact; it is thus the magistrate's duty to "determine" whether there is probable cause to bind over a defendant.  MCL 766.13.[4]  A necessary corollary of this general duty is "the duty to pass judgment not only on the weight and competency of the evidence, but also [on] the credibility of the witnesses."  *Paille*, 383 Mich at 627.  We therefore conclude that the *Lemmon* standard is inapplicable to a magistrate's review of the evidence presented during a preliminary examination.

None of this is to suggest that a magistrate may weigh witnesses' credibility in the same manner as a jury.  While a jury must find a defendant guilty *beyond a reasonable doubt*, a magistrate must only determine that there is *probable cause* to believe that the defendant has committed a crime.  "[T]he gap between probable cause and guilt beyond a reasonable doubt is broad," *Yost*, 468 Mich at 126, and therefore, unlike a jury, "a magistrate may legitimately find probable cause while personally entertaining some reservations regarding guilt," *id*. at 133-134.  Accordingly, in considering the credibility of witnesses, a magistrate may only decline to bind over a defendant if a witness's lack of credibility, when considered together with the other evidence presented during the examination, would preclude "a person of ordinary prudence and caution [from]

---

[4] In addition, where a magistrate declines to bind over a defendant for trial, the prosecutor may simply recharge the defendant and provide additional evidence at a subsequent preliminary examination.  See MCR 6.110(F).  By contrast, when a judge grants a motion for a new trial, the prosecutor must retry the defendant.  Conducting two jury trials requires the expenditure of significantly more time and resources than conducting two preliminary examinations.  These widely disparate consequences arguably justify providing a magistrate with greater authority to examine credibility during a preliminary examination than a judge has in entertaining a motion for a new trial.

10

conscientiously entertain[ing] a reasonable belief of the accused's guilt." *Id*. at 126 (quotation marks and citation omitted).

In sum, we decline to adopt the *Lemmon* standard in the context of preliminary examinations. Instead, we clarify that a magistrate's duty at a preliminary examination is to consider all the evidence presented, including the credibility of both the prosecution and defense witnesses' testimony, and to determine on that basis whether there is probable cause to believe that the defendant has committed a crime, i.e., whether the evidence presented is "sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief in the accused's guilt." *Id*. (quotation marks and citation omitted). If a witness's lack of credibility, when considered together with the other evidence presented during the examination, is so lacking that "a person of ordinary prudence and caution [would not] conscientiously entertain a reasonable belief of the accused's guilt," a magistrate may not bind over the defendant for trial. *Id*. (quotation marks and citation omitted); see also MCL 766.13.

## B. APPLICATION

The magistrate in this case determined that the complainant's testimony was not credible and, absent any other evidence implicating defendant, declined to bind her over. This determination is reviewed for an abuse of discretion. *Seewald*, 499 Mich at 116. "At its core, an abuse of discretion standard acknowledges that there will be circumstances in which there will be no single correct outcome; rather, there will be more than one reasonable and principled outcome. When the trial court selects one of these principled outcomes, the trial court has not abused its discretion and, thus, it is proper for

11

the reviewing court to defer to the trial court's judgment." *People v Babcock*, 469 Mich 247, 269; 666 NW2d 231 (2003) (quotation marks and citations omitted). Moreover, in reviewing a magistrate's credibility determination, an appellate court must remain mindful that "the judge who hears the testimony has the distinct advantage over the appellate judge, who must form judgment solely from the printed words." *Paille*, 383 Mich at 627; see also *Lemmon*, 456 Mich at 646 ("The credibility of a witness is determined by more than words and includes tonal quality, volume, speech patterns, and demeanor, all giving clues to the factfinder regarding whether a witness is telling the truth.").

The magistrate here articulated several reasons in particular for finding the complainant's testimony not credible. Specifically, she noted that: (1) the complainant had a gun pointed at him, yet he wanted his Christmas gifts and sat in the car negotiating for those gifts; (2) despite allegedly having been threatened by defendant in the past and not having access to a cell phone to seek help, the complainant freely entered the car with defendant; (3) the complainant never called the police to report defendant's earlier threats; and (4) the complainant's testimony was "all over the place everywhere." These reasons, considered in light of the magistrate's superior ability to observe the demeanor of the complainant while testifying, afforded the magistrate a "principled" basis for concluding that the complainant's testimony was not credible and therefore her credibility determination was not "outside the range of principled outcomes." Because there was no other evidence upon which the magistrate could find probable cause to bind over defendant, the magistrate did not abuse her discretion by dismissing the complaint.

12

## IV. CONCLUSION

We reaffirm and clarify that a magistrate possesses a duty to consider the credibility of witnesses' testimony, in conjunction with all the other evidence presented at a preliminary examination, in determining whether there is probable cause to bind over a defendant, i.e., whether the evidence presented is "sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the accused's guilt." *Yost*, 468 Mich at 126 (quotation marks and citation omitted). We further hold that the magistrate in this case did not abuse her discretion in determining that the complainant's testimony was not credible and, in the absence of any other evidence, declined to bind over defendant. Accordingly, we affirm the district court's order dismissing the charges against defendant.

Stephen J. Markman
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Kurtis T. Wilder
Elizabeth T. Clement

13