*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellant,

UNPUBLISHED
May 23, 2024

v

No. 367299
Macomb Circuit Court
LC No. 2023-000461-FH

LARRY WINDELL HICKS, JR.,

      Defendant-Appellee.

Before: MALDONADO, P.J., and PATEL and N. P. HOOD, JJ.

PER CURIAM.

Defendant was charged with second-degree arson, MCL 750.73(1). After the preliminary examination, the district court bound defendant over to the circuit court for trial. Defendant filed a motion to quash the bindover, which the circuit court granted. The prosecution appeals as of right the order granting defendant's motion to quash the bindover. We find that the prosecution presented "a quantum of evidence sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of [defendant's] guilt[,]" *People v Yost*, 468 Mich 122, 126; 659 NW2d 604 (2003) (cleaned up), and thus the district court did not abuse its discretion by binding defendant over for trial. We reverse and remand.

## I. BACKGROUND

This case arises out of an alleged arson at a residence on Knox Avenue in the city of Warren. At the preliminary examination, Fire Inspector Daniel Doughty[1] testified that he observed two separate origins for the fire: (1) in the living room located on the south side of the structure, and (2) outside of the structure on the east side. Inspector Doughty collected samples from the fire scene. The samples were submitted to the Michigan State Police laboratory, which did not detect accelerant in the samples. Because the fire had two separate, unconnected origins, Inspector Doughty concluded that the fires were intentionally set. He opined that the fires were most likely

---

[1] Inspector Doughty was qualified as an expert by stipulation of the parties.

started by a portable open flame device that was either removed from the scene or consumed by the fire.

Detective Gabriel Seibt testified that the alleged arson occurred at approximately 3:58 a.m. or 4:00 a.m. He identified Kim Clark as the subject property's tenant, but determined that Kim was not living at the residence at the time of the fire. During his investigation, Detective Seibt learned that Kim's daughter, Shijuan Clark, shared a child with defendant and there was allegedly an ongoing dispute between defendant and Kim regarding Shijuan and the child.

Detective Seibt obtained surveillance camera footage from the owner of a residence on Columbus Avenue that backs up to and shares a property line with the subject property. Two videos were admitted during the preliminary examination: (1) footage from the Columbus residence's Ring doorbell camera, which faces east of the subject property,[2] and (2) footage from a security camera mounted on the rear of the Columbus residence, facing the east side of the subject property.

The Ring doorbell video is four seconds long. It depicts a subject walking from west to east, away from the direction of the subject property, at approximately 4:00 a.m. on the date of the incident. The video depicts the subject from behind, and it does not show any part of the subject's face. The subject's race, age, appearance, or height cannot be discerned from the video. Detective Seibt testified that Shijuan initially identified a former boyfriend as a possible suspect in the alleged arson. But after Shijuan viewed the Ring doorbell video, she identified defendant as the individual in the video.

The footage from the rear-facing security camera is 35 seconds long. A timestamp embedded in the video reflects that it was recorded between 3:58 a.m. and 4:29 a.m. on the date of the incident. The video depicts a sudden bright light on the east side of the subject property. The light fades, becomes brighter again, and appears to be flickering.

During his investigation, Detective Seibt utilized a license plate capture system[3] to search for defendant's license plate at or about the time of the arson. The search returned a positive identification of defendant's vehicle and license plate on a camera located approximately 1.4 miles southwest of the subject property at 9:31 a.m. on the date of the incident.

Detective Seibt also obtained defendant's call detail records pursuant to a search warrant directed to defendant's cell phone provider. Defendant's phone records were analyzed by Detective Todd Werner using Cell Hawk, which allows law enforcement to create maps from cell tower data contained in cell records.[4] Detective Werner testified that mapping cell tower data is not an exact science as to the location of a cell phone, but provides an estimate of the device's

---

[2] The Ring doorbell camera footage was admitted over defendant's objection.

[3] The license plate capture system is called Flock. It is used by law enforcement to capture images of vehicles and license plates at various locations where cameras are situated.

[4] Detective Werner was qualified as an expert in Cell Hawk and phone investigation by stipulation of the parties.

location at a particular time. Detective Werner used Cell Hawk to create maps of cell tower locations associated with defendant's phone during the relevant time period. Two Cell Hawk maps depicting the device's location were admitted without objection. Detective Werner determined that defendant's phone arrived in the immediate area of the subject property at approximately 3:40 a.m. and remained in that area until approximately 4:05 a.m.

Shijuan testified that defendant was the father of her three-year-old child. She identified defendant as the person walking away from the direction of the subject property in the Ring doorbell video footage. Her identification was based on the manner that defendant walks, which she described as "harder . . . on the left side of his leg." Shijuan testified that defendant previously filed an action pertaining to paternity of their shared child, but she stated that "the judge threw it out." She acknowledged that she had animosity toward defendant because he had physically assaulted her. Nevertheless, she denied that she was lying to implicate defendant in the alleged arson.

Based on the evidence and testimony presented at the preliminary examination, the district court found that the prosecution presented sufficient evidence to establish probable cause that a crime was committed and that defendant committed the crime. The court concluded that an arson was committed based on the evidence depicted in the video from the rear-facing security camera and the investigation photographs of the subject property. Regarding the identity element, the court acknowledged that the Ring doorbell video was "very brief and very limited," but noted that Shijuan identified the person in the footage as defendant. Although the court acknowledged that it was possible that Shijuan was motivated to "put this on someone else," it found that it was not plausible. The court further found it "telling" that the cellphone associated with defendant was "located within the radius of the crime at the time the crime occurred and then returned to the domicile that's attributable to him . . . ." The court concluded that the prosecution presented sufficient evidence to bind defendant over as charged.

Defendant filed a motion to quash the bindover in the circuit court. Defendant argued that the district court abused its discretion in binding him over because the record contained no credible evidence to support the court's decision. The prosecution opposed the motion, asserting that it presented sufficient evidence to establish probable cause that defendant committed second-degree arson. After hearing oral argument on the motion, the circuit court granted defendant's motion for the reasons stated on the record. Although the circuit court found that the prosecution presented sufficient evidence to establish that an arson was committed, it concluded that there was insufficient evidence to establish that defendant committed the arson. The court found that the Ring doorbell video was "devoid of evidentiary value" because "no identifying characteristics . . . could be gleaned from viewing it including the race of the individual, whether he is male or female, or any identifying characteristics beyond that." The court also found that Shijuan's identification of defendant in the Ring doorbell video "defies physical realities" and was therefore not entitled to any weight. The court further noted that Detective Werner testified that the cellphone location evidence was approximate and the technology used was "not an exact science." The court also stated that "[t]he license plate capture was a mile and-a-half away and more significantly five and-a-half hours after the alleged arson took place." The court found that the district court abused its discretion in binding defendant over and dismissed the matter without prejudice. The prosecution now appeals.

II. ANALYSIS

The prosecution argues that the district court did not abuse its discretion when it bound defendant over to the circuit court because the prosecution presented sufficient evidence at the preliminary examination to establish that a crime was committed and to establish probable cause that defendant committed the crime. We agree.

"In the context of reviewing a district court's bindover decision, the order on appeal is the circuit court's decision denying the motion to quash, which we review de novo (i.e., with no deference) because the dispositive question is whether the district court abused its discretion in binding over defendants." *People v Crumbley*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket Nos. 362210 and 362211); slip op at 11. A district court abuses its discretion when its "decision falls outside the range of reasonable and principled outcomes[.]" *Id*. at __; slip op at 11. On review, this Court views the evidence in the light most favorable to the prosecution. *People v Fairey*, 325 Mich App 645, 650; 928 NW2d 705 (2018).

"[I]n order to bind a defendant over for trial in the circuit court, the district court must find probable cause that the defendant committed a felony based on there being evidence of each element of the crime charged or evidence from which the elements may be inferred." *Crumbley*, ___ Mich App at ___; slip op at 12 (cleaned up). "Identity is an essential element of every crime." *Fairey*, 325 Mich App at 649. "Probable cause requires a quantum of evidence sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the accused's guilt." *Yost*, 468 Mich at 126 (cleaned up). This evidence may be circumstantial, "but must nevertheless demonstrate reasonable grounds to suspect the defendant's personal guilt." *Fairey*, 325 Mich App at 649.

At the preliminary examination, a magistrate must "consider all the evidence presented, including the credibility of witnesses' testimony, and . . . determine on that basis whether there is probable cause to believe that the defendant committed a crime . . . ." *People v Anderson*, 501 Mich 175, 178; 912 NW2d 503 (2018). A "magistrate ha[s] not only the right but, also, the duty to pass judgment not only on the weight and competency of the evidence, but also [on] the credibility of the witnesses." *Id*. at 184 (cleaned up; alteration in original). "[A] magistrate may not decline to bind over a defendant where there is a conflict of evidence, or where there is a reasonable doubt as to his guilt; all such questions should be left for the jury upon the trial." *Id.* at 185 (cleaned up). In other words, "where there is a conflict of evidence or where there is a reasonable doubt as to [a defendant's] guilt, there generally will be probable cause to bind over a defendant, even if the magistrate may have had reasonable doubt that defendant committed the crime." *Id.* at 186 (cleaned up; alteration in original).

In this case, defendant was charged with second-degree arson, MCL 750.73(1), which provides that "a person who willfully or maliciously burns, damages, or destroys by fire or explosive a dwelling, regardless of whether it is occupied, unoccupied, or vacant at the time of the fire or explosion, or its contents, is guilty of second degree arson." Thus, to warrant bindover, the prosecution was required to present "a quantum of evidence sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief" that defendant willfully or maliciously burned, damaged, or destroyed a dwelling, whether occupied or unoccupied. *Yost*, 468 Mich at 126 (cleaned up); see also MCL 750.73(1).

-4-

We find that the district court did not abuse its discretion when it found that the prosecution presented sufficient evidence to establish that second-degree arson was committed. Fire Inspector Doughty testified that he investigated the scene and concluded that the fires were intentionally set by someone because "there appeared to have been two separate origins for the fire, not connected to each other." Inspector Doughty opined that both fires were most likely started by a portable open flame device that was either removed from the scene or consumed by the fire because no ignition source was located for either fire. Although no accelerants were detected in the samples that Inspector Doughty submitted to the Michigan State Police laboratory, the use of an accelerant is not an element of second-degree arson. See MCL 750.73(1). Inspector Doughty's testimony, combined with the photographs of the residence taken the morning after the fire and the security camera video footage of the fire, was "sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief" that someone willfully burned or damaged by fire a dwelling. *Yost*, 468 Mich at 126 (cleaned up). Thus, the district court's finding that a crime was committed is not outside the range of reasonable and principled outcomes.

The prosecution also presented sufficient evidence at the preliminary examination from which the district court could find probable cause that defendant committed the crime. Detective Werner conducted a Cell Hawk analysis of defendant's phone records and determined that defendant's phone arrived in the immediate area of the subject property at approximately 3:40 a.m. and remained in that area until approximately 4:05 a.m. Detective Seibt testified that the alleged arson occurred at 3:58 a.m. or 4:00 a.m. The Ring doorbell video depicts a subject walking away from the direction of the subject at approximately 4:00 a.m. on April 15, 2022. Shijuan identified the subject depicted in the Ring doorbell video as defendant based upon his distinctive walk. This evidence, although circumstantial, is "sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief" that defendant may have committed an arson at the subject property on April 15, 2022. *Yost*, 468 Mich at 126 (cleaned up).

Defendant argues that the district court abused its discretion in finding probable cause that defendant committed the crime because Shijuan's identification testimony was not credible. This argument is unpersuasive. Although we give no deference to the circuit court's findings in its review of the district court bindover decision, we give a great deal of deference to the *district court's* decision . . . ." ." *Crumbley*, ___ Mich App at ___; slip op at 11 (emphasis in original). The district court had a distinct advantage over this Court in judging Shijuan's credibility because the district court heard and observed her testimony. See *Anderson*, 501 Mich at 189. The district court considered Shijuan's credibility and found that it was possible that Shijuan was motivated to "put this on someone else," but concluded it was not plausible. A magistrate considering the credibility of witnesses "may only decline to bind over a defendant if a witness's lack of credibility, when considered together with the other evidence presented during the examination, would preclude 'a person of ordinary prudence and caution [from] conscientiously entertain[ing] a reasonable belief of the accused's guilt.' " *Id*. at 188, quoting *Yost*, 468 Mich at 126 (alterations in original). In addition, the district court found "Detective Werner's testimony that the cell phone associated with [defendant] was in fact located within the radius of the crime at the time the crime occurred and then returned to the domicile that's attributable to him was telling." We find that the district court's conclusion that the Ring doorbell video, Shijuan's testimony, and the testimony and evidence regarding defendant's cellphone location was sufficient to establish probable cause

that defendant committed an arson was not outside the range of reasonable and principled outcomes and thus was not an abuse of discretion.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Allie Greenleaf Maldonado
/s/ Sima G. Patel
/s/ Noah P. Hood