*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellant,

v

SHAWN DUVAL LUCKETT,

      Defendant-Appellee.

UNPUBLISHED
September 12, 2024

No. 368804
Wayne Circuit Court
LC No. 23-001848-01-FH

Before: K. F. KELLY, P.J., and CAVANAGH and M. J. KELLY, JJ.

PER CURIAM.

Defendant, Shawn Luckett, was charged with assault with a dangerous weapon, MCL 750.82. After the preliminary examination, the district court bound him over to the circuit court for trial. Luckett filed a motion to quash the bindover, which the circuit court granted. The prosecution appeals now as of right. Because the prosecution presented "a quantum of evidence sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief" of Luckett's guilt, *People v Yost*, 468 Mich 122, 126; 659 NW2d 604 (2003) (quotation marks and citation omitted), we conclude that the district court did not abuse its discretion by binding Luckett over for trial. Accordingly, we reverse the decision of the circuit court and remand for trial.

## I. BASIC FACTS

The charge in this case arises from an altercation between Luckett and Albert Preni, the owner of a restaurant in Detroit, Michigan. According to Preni's testimony at the preliminary examination, he was working at his restaurant when he noticed that Luckett had followed one of his customers out of the building and appeared to be bothering him. Preni approached Luckett in the restaurant parking lot and informed him that he was trespassing if he was not going to buy food. Luckett responded by telling Preni not to "fucking disrespect me." Preni told Luckett that Luckett was disrespecting him by being on his property and bothering his customers. He also pointed out signs posted on the property that prohibited panhandling, soliciting, or loitering. According to Preni, Luckett responded by saying, "Don't fucking disrespect me. I'll fucking kill you. White boy."

During the argument, Preni and Luckett moved from the parking lot to the sidewalk in front of the restaurant before eventually ending up in the street. One of Preni's customers noticed the altercation and pulled his vehicle alongside the road in an attempt to "diffuse the situation." Preni stated that Luckett then began acting erratic, gesticulating with his hands, and continuously threatening to kill Preni. He then reached into his pocket and pulled out "something black and chrome." Preni believed it to be a gun, but upon closer inspection, he realized that it was a "box cutter" knife. Luckett again stated, "I'm gonna fuckin' kill you, White boy." Preni testified that he believed Luckett was going to use the knife to assault him. He took a step back. When Luckett approached him, he struck Luckett "with an open hand to throw him off balance." Preni then fled toward the back door of his restaurant because he was "in fear for his life." He shouted for the customer in the vehicle to call the police because Luckett had a knife.

Luckett's lawyer introduced three surveillance videos depicting the altercation, and he impeached Preni with inconsistencies between his testimony and the video footage. The discrepancies included whether Luckett had money in his hand, whether Preni was the aggressor in the dispute, and whether Preni had struck Luckett with an open hand or a closed fist.

The district court found that Preni's testimony was not so incredible or implausible as a matter of law as to be beyond belief. Accordingly, based upon Preni's testimony, it found probable cause to bind Luckett over for trial. Luckett filed a motion to quash the bindover and to dismiss the charge in the circuit court, arguing that the district court failed to properly analyze Preni's credibility. The circuit court agreed, quashing the bindover, and dismissing the charge. This appeal follows.

## II. BINDOVER

### A. STANDARD OF REVIEW

The prosecution argues that the circuit court erred by quashing the bindover of Luckett's charge. This Court reviews a district court's decision to bind a defendant over for trial for an abuse of discretion, and reviews the circuit court's decision de novo. *People v Harlan*, 258 Mich App 137, 144-145; 669 NW2d 872 (2003). No deference is given to the circuit court's decision to quash a bindover. *Id*. at 145.

### B. ANALYSIS

The magistrate must bind over a defendant for trial if, at the conclusion of the hearing, it appears that a felony has been committed and there is probable cause that the defendant committed it. MCL 766.13; *Yost*, 468 Mich at 125-126. Probable cause that the defendant has committed the crime is established by evidence "sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the accused's guilt." *Id*. at 126 (quotation marks and citation omitted). The prosecutor must present some evidence of each element of the crime. *People v Henderson*, 282 Mich App 307, 312; 765 NW2d 619 (2009). The magistrate has a duty to "consider all the evidence presented, including the credibility of witnesses' testimony, and to determine on that basis whether there is probable cause to believe that the defendant committed a crime[.]" *People v Anderson*, 501 Mich 175, 178; 912 NW2d 503 (2018). Although the magistrate has a duty to consider the credibility of witnesses, the defendant should be bound over for

-2-

resolution of the questions by the trier of fact if the evidence conflicts or raises a reasonable doubt as to the defendant's guilt. *Yost*, 468 Mich at 127-128. Conversely, a magistrate must decline to bind a defendant over for trial "[i]f a witness's lack of credibility, when considered together with the other evidence presented during the examination, is so lacking that 'a person of ordinary prudence and caution [would not] conscientiously entertain a reasonable belief of the accused's guilt[.]' " *Anderson*, 501 Mich at 188-189 (citation omitted).

The elements of felonious assault are: "(1) an assault, (2) with a dangerous weapon, and (3) with the intent to injure or place the victim in reasonable apprehension of an immediate battery." *People v Nix*, 301 Mich App 195, 205; 836 NW2d 224 (2013) (quotation marks and citation omitted). At the preliminary examination, the prosecution presented evidence that Preni and Luckett had an argument, that during the argument Luckett repeatedly threatened to kill Preni, that Luckett pulled out a knife, that the knife and threats caused Preni to fear an immediate battery, and that Luckett was close enough in proximity to stab Preni. Indeed, the video footage depicts the two men engaged in an argument, Luckett pulling a knife, Preni striking Luckett, and Preni fleeing from Luckett while Luckett is chasing him. Taken as a whole, the evidence presented is sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief that Luckett is guilty of committing a felonious assault. See *Yost*, 468 Mich at 126.

Nevertheless, the circuit court quashed the bindover and dismissed the charge against Luckett because it determined that the district court failed to properly consider Preni's credibility under *Anderson*, 501 Mich 175. In doing so, the circuit court erred. *Anderson* imposes a duty on the magistrate conducting a preliminary examination "to consider all the evidence presented, including the credibility of witness' testimony, and to determine on that basis whether there is probable cause to believe that the defendant committed a crime[.]" *Id*. at 178. In so holding, the *Anderson* Court noted that "the adversarial nature of a preliminary examination would be largely meaningless if a magistrate were required to accept as true any testimony that is not patently incredible or that does not defy physical reality." *Anderson*, 501 Mich at 186.

The district court in this case, however, considered the video evidence presented by Luckett, and, in light of that evidence and Preni's testimony, the court found that Preni's testimony "was not completely incredible or implausible as a matter of law." As a result, the district court determined that the conflict between the video evidence and Preni's testimony had to be resolved by the trier of fact. Stated differently, the district court determined that Preni's testimony was not "patently incredible" and that it did not "defy physical reality." See *id*. Rather, his testimony, when considered with the video evidence, was not so lacking that a person of ordinary prudence and caution would be unable to conscientiously entertain a reasonable belief of Luckett's guilt. See *Anderson*, 501 Mich at 188-189.

On appeal, Luckett continues to argue that Preni's testimony lacked credibility because it was contradicted by the video footage. We disagree. The inconsistencies identified by Luckett do not wholly undermine Preni's credibility. To be sure, the video footage does not conclusively refute Preni's testimony.

The first alleged inconsistency involves whether Luckett had money in his hand when he walked into the restaurant. Preni testified that Luckett was not holding money when he walked

into the restaurant. Luckett contends that the video clearly depicts that he had money in his hand. However, having viewed the video, we conclude that reasonable minds could differ as to whether he was holding money in light of the quality of the video, Luckett's distance from the camera, and the fact that Luckett's hand was closed. Moreover, the video camera was at a higher level than that which Preni would have had at his eye level. Thus, what appears in the video footage may not perfectly match what could have been viewed from someone standing on the ground. Therefore, as the district court found, the video did not completely undermine Preni's credibility on this issue.

Second, Luckett suggests that it is clear from the video footage that Preni was the aggressor in the altercation. Luckett takes issue with Preni's pursuit of him and Preni's failure to abandon the altercation when it moved from the parking lot to the street. However, the footage does not indisputably depict Preni aggressively pursuing Luckett. It is entirely plausible that their conversation took place and moved the way it did due to the nature of what was said. Indeed, the footage shows the parties gesturing toward one another, arguing with one another, and speaking with the driver of a vehicle. Before Preni struck Luckett, they were facing each other. Preni testified that during the verbal altercation Luckett repeatedly threatened to kill him and taunted him with racially charged language. In light of that, the video is not undisputed evidence that Preni was the aggressor, nor does it prove conclusively that he should have abandoned the argument.

Finally, Luckett argues that Preni is not credible because he testified that he struck Luckett with an open hand, while the video shows a closed fist. The circuit court agreed. However, as with the arguments above, the footage is not so clear as to be determinative on this point. Because Preni was wearing black gloves and a street sign was partially obstructing the camera's view of the altercation, it is not entirely clear whether Preni struck Luckett with an open hand or closed fist. Rather, this is a disputed fact that the circuit court resolved in favor of Luckett when it found that it was a fist, not an open hand.

In sum, any discrepancy between Preni's testimony and the video footage does not render his credibility so lacking that a person of ordinary prudence and caution would be unable to conscientiously entertain a reasonable belief of defendant's guilt. See *Anderson*, 501 Mich at 188-189. The district court judge, in considering Preni's testimony and the video evidence, properly determined that Preni's testimony was not so incredible or implausible as to warrant dismissal of defendant's charge. And, where there is a conflict in the evidence, as there is here, a defendant should be bound over for trial for the fact-finder's resolution of the conflict. See *Yost*, 468 Mich at 127-128. Accordingly, it was within the range of principled outcomes to bind Luckett over for trial, and the district court did not abuse its discretion.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Kirsten Frank Kelly
/s/ Mark J. Cavanagh
/s/ Michael J. Kelly