*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JOAQUIN NATHINEL EDWARDS, also known as
JOAQUIN NATHANIEL EDWARDS,

        Defendant-Appellant.

UNPUBLISHED
April 29, 2026
1:38 PM

No. 376520
Jackson Circuit Court
LC No. 2024-005248-FH

Before: RIORDAN, P.J., and REDFORD and PATEL, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] the circuit court's interlocutory order that denied his motion to dismiss, i.e., quash his bindover, on the charges of assaulting, resisting, or obstructing a police officer, MCL 750.81d(1); and being a disorderly person, MCL 750.167.[2] We affirm.

## I. FACTS AND PROCEDURAL HISTORY

At approximately 2:00 a.m. on October 18, 2024, several Jackson City police officers responded to a 911 call regarding a possible domestic-violence incident in a parked vehicle. Officer Tyler Panther and Officer Joshua Morse approached the parked vehicle and saw a man in the driver's seat and a woman in the passenger seat. The officers noticed that the man had blood on his shirt and that the woman had blood on her face. The officers then ordered the man and the woman to exit the vehicle so that they could separate and talk to them about the potential domestic-violence incident. Both the man and the woman repeatedly refused to exit the vehicle.

---

[1] *People v Edwards*, unpublished order of the Court of Appeals, entered December 1, 2025 (Docket No. 376520).

[2] As discussed later, the district court indicated that it bound defendant over on the charges of either disturbing the peace, MCL 750.170, or a violation of Jackson Ordinance, § 17-86, in addition to the resisting charge.

At some point during this interaction, defendant, a neighbor, began yelling at the officers from a front lawn approximately 50 feet away from the parked vehicle. Officers Panther and Morse told defendant to stop yelling, but defendant did not. After about two to five minutes of defendant yelling at the officers, Officer Panther instructed Officer Jonathan Farnsworth to arrest defendant for, essentially, disorderly conduct.

Officer Farnsworth arrested defendant and walked him toward a police vehicle. Defendant initially refused to sit in the police vehicle and questioned the officers about why they arrested him. The officers ordered defendant to sit in the police vehicle at least two or three times, and defendant did not comply until Officer Farnsworth "used a jugular notch press."

Defendant was arrested and charged with resisting a police officer and being a disorderly person. During the probable-cause hearing, the primary issue in dispute was whether defendant was lawfully arrested. The prosecution argued that defendant was lawfully arrested because there was probable cause to arrest him for disturbing the peace and for violating Jackson Ordinance, § 17-86. Defendant argued that he was not lawfully arrested because he was exercising his First Amendment freedom of speech and that there was insufficient evidence to support a probable-cause determination that he yelled at the officers.

The district court determined that there was no First Amendment violation because defendant was not specifically arrested for yelling at the police officers. Instead, he was arrested because his conduct of yelling at 2:00 a.m. disturbed the peace and violated Jackson Ordinance, § 17-86. The district court also determined that there was sufficient evidence to support a probable-cause determination that defendant yelled because, although the body-camera video did not show defendant yelling, officers testified that defendant had yelled. Accordingly, the district court bound over defendant for trial.

Defendant then moved to dismiss in the circuit court, advancing the same arguments as in the district court. The circuit court denied his motion to dismiss and affirmed his bindover, reasoning that the district court did not abuse its discretion and that his First Amendment rights were not violated. Defendant now appeals.

## II. STANDARD OF REVIEW

"Whether alleged conduct falls within the statutory scope of a criminal law involves a question of law that this Court reviews de novo." *People v Francis*, 347 Mich App 560, 563; 16 NW3d 323 (2023) (cleaned up). "A circuit court's decision to grant or deny a motion to quash charges is reviewed de novo to determine if the district court abused its discretion in binding over a defendant for trial." *Id*. (quotation marks and citation omitted). In other words, "we review the district court's original exercise of discretion." *People v Davis*, ___ Mich App ___, ___; ___ NW3d ___ (2025) (Docket No. 376119); slip op at 4 (quotation marks and citation omitted). "An abuse of discretion occurs when the trial court's decision falls outside the range of principled outcomes." *People v Seewald*, 499 Mich 111, 116; 879 NW2d 237 (2016) (quotation marks and citation omitted).

We also review a circuit court's decision to deny a motion to dismiss for abuse of discretion. *Davis*, ___ Mich App at ___; slip op at 4 (quotation marks and citation omitted).

-2-

Constitutional issues are reviewed de novo. *City of Owosso v Pouillon*, 254 Mich App 210, 213; 657 NW2d 538 (2002).

## III. LEGAL ANALYSIS

Defendant argues that the district court abused its discretion by binding him over to the circuit court because there was insufficient evidence to support the charges of resisting a police officer, disturbing the peace, or violating Jackson Ordinance, § 17-86. Further, defendant argues, because his initial arrest was unlawful and predicated upon constitutionally protected speech, it was within his rights to physically resist the unlawful arrest. We disagree.

"The district court must bind a defendant over to the circuit court if it determines that a felony was committed and that there was probable cause to charge the defendant." *Francis*, 347 Mich App at 563-564. See also MCL 766.13. "This standard requires evidence of each element of the crime charged or evidence from which the elements may be inferred." *People v Anderson*, 501 Mich 175, 181-182; 912 NW2d 503 (2018) (quotation marks and citation omitted). Therefore, the prosecution only needs to provide enough evidence to satisfy the probable-cause standard, i.e., provide sufficient evidence for each element of the charged offense "to lead a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the defendant's guilt." *People v Bass*, 317 Mich App 241, 280; 893 NW2d 140 (2016) (quotation marks and citation omitted). "The gap between probable cause and guilt beyond a reasonable doubt is broad, and therefore, unlike a jury, a magistrate may legitimately find probable cause while personally entertaining some reservations regarding guilt." *Anderson*, 501 Mich at 188 (cleaned up). Further, "[i]f the evidence conflicts or raises a reasonable doubt, the defendant should be bound over for trial, where the questions can be resolved by the trier of fact." *Davis*, ___ Mich App at ___; slip op at 5 (quotation marks and citation omitted).

Here, while the record is not entirely consistent, the parties do not dispute that defendant was bound over and faced underlying charges of (1) resisting a police officer, and (2) disturbing the peace or violation of Jackson Ordinance, § 17-86.[3] Therefore, the prosecution must have presented sufficient evidence to entertain a reasonable belief that defendant's conduct satisfied the elements of each charge. See *Bass*, 317 Mich App at 280.

To bind over a defendant for resisting a police officer, the prosecution must prove that (1) the arrest was lawful, (2) the defendant "assaulted, battered, wounded, resisted, obstructed, opposed, or endangered a police officer," and (3) the defendant "knew or had reason to know that the person that the defendant assaulted, battered, wounded, resisted, obstructed, opposed, or endangered was a police officer performing his or her duties." *People v Vandenberg*, 307 Mich App 57, 68-69; 859 NW2d 229 (2014) (quotation marks and citations omitted). See also MCL

---

[3] To be precise, the fundamental issue on appeal is whether the resisting charge is supported by probable cause. As explained *infra*, this requires an analysis of whether the police officers lawfully attempted to arrest defendant for some other crime, such as disturbing the peace, and whether the resisting charge itself is otherwise supported by probable cause.

750.81d(1). Defendant primarily argues that there was not probable cause to lawfully arrest him, i.e., that the prosecution failed to show the first element. This is incorrect.

In Michigan, a peace officer may arrest a person without a warrant if "[a] felony, misdemeanor, or ordinance violation is committed in the peace officer's presence." MCL 764.15(1)(a). Further, "[b]ecause probable cause is an objective standard, an arrest is lawful if the officer had probable cause to arrest for any offense, not just the offense cited at the time of arrest or booking." *District of Colombia v Wesby*, 583 US 48, 54 n 2; 138 S Ct 577; 199 L Ed 2d 453 (2018).

At the probable-cause hearing, the prosecution argued that there was probable cause that defendant committed a misdemeanor in the presence of the officers, i.e., disturbing the peace, MCL 750.170, and violated an ordinance in the presence of the officers, i.e., Jackson Ordinance, § 17-86.

To establish probable cause that defendant disturbed the peace, the prosecutor must prove that (1) defendant made a disturbance (2) in one of the places listed in the statute. See MCL 750.170. A "disturbance" is "[a]n act causing annoyance or disquiet or interfering with a person's pursuit of a lawful occupation or the peace and order of a neighborhood, community, or meeting." *Black's Law Dictionary* (12th ed). Further, MCL 750.170 refers to "any street" as a prohibited place for making a disturbance.

In the present case, three officers testified that defendant was yelling loud enough to cause a disturbance in the neighborhood. For example, Officer Farnsworth testified that defendant yelled "loudly enough to be disruptive at two in the morning" and "roughly as loud as a man could reasonably shout." And, the record indicates that one officer saw some neighbors in the area looking outside while defendant was yelling. While defendant disputes that he was yelling in a sufficient manner to disturb the peace of the neighborhood, at the probable-cause stage of the proceedings, the prosecution presented sufficient evidence to create a jury-triable question. See *Anderson*, 501 Mich at 188. Accordingly, because the record provides sufficient evidence to support a probable-cause determination that defendant disturbed the peace, he was lawfully arrested for disturbing the peace contrary to MCL 750.170.

In addition, there was probable cause to show that defendant violated Jackson Ordinance, § 17-86, in the presence of the officers. Therefore, defendant also could have been lawfully arrested for violating this ordinance, which provides as follows:

> Yelling, shouting, hooting, whistling or singing or the making of any other loud noise on the public street, between the hours of 11:00 p.m. and 7:00 a.m., or the making of any such noise at any time so as to unreasonably annoy or disturb the quiet, comfort, or repose of persons in any school, place of worship, or office, or in any dwelling, hotel or other type of residence, or of any persons in the vicinity, shall be a violation of this article.

As explained, there is testimony in the record that supports the finding that defendant yelled or shouted for several minutes at about 2:00 a.m. in a manner that disturbed the quiet of the neighborhood. This is expressly prohibited by the ordinance. Therefore, the district court also

properly determined that there was sufficient cause to lawfully arrest defendant for a violation of Jackson Ordinance, § 17-86.

Because the police lawfully arrested defendant, the next step is to determine whether defendant resisted or obstructed a police officer while knowing that the person he was resisting or obstructing was a police officer. See *Vandenberg*, 307 Mich App at 68-69. "Obstruct" means "the use or threatened use of physical interference or force or a knowing failure to comply with a lawful command." *People v Morris*, 314 Mich App 399, 408-409; 886 NW2d 910 (2016) (quotation marks and citation omitted). See also MCL 750.81d(7)(a).

There is video evidence of defendant refusing to comply with the police officers' commands to enter the police vehicle after he was arrested. The video shows that the officers ordered defendant multiple times to sit in the police vehicle, and defendant refused to comply until an officer used some force. Therefore, defendant obstructed a police officer because he failed to comply with several lawful demands. It also is clear from the record that defendant knew that police officers were arresting him because they were in uniform and arrived in marked police vehicles. Consequently, the video evidence proving that defendant obstructed a police officer, while knowing that the person was a police officer, was sufficient to support a reasonable belief that defendant violated MCL 750.81d(1). See *Bass*, 317 Mich App at 280.

Lastly, defendant argues that his arrest was unlawful because his speech, which was the basis for his arrest, was protected by the First Amendment. Thus, defendant argues, he had the right to resist the unlawful arrest. We disagree.

In general, the First Amendment provides that the government "shall make no law . . . abridging the freedom of speech." US Const, Am I. See also Const 1963, art 1 § 5. Accordingly, a government may not impose a content-based laws, i.e., "[a] law that restricts or proscribes speech or conduct on the basis of the message or idea it conveys . . . ." *People v Burkman*, 513 Mich 300, 328; 15 NW3d 216 (2024). However, governments still may enact "content-neutral restriction that impose incidental limitations on speech." *Holeton v City of Livonia*, 328 Mich App 88, 97; 936 NW2d 601 (2019). First Amendment protections are not absolute because it "does not protect the right to publicize one's views whenever, however, and wherever one pleases." *Id*.

Contrary to defendant's assertion, he was not arrested because of what he yelled at the police.[4] Instead, as discussed earlier, defendant was arrested for his loud yelling at 2:00 a.m. in a

---

[4] The testimony suggests that defendant yelled at the police about their behavior near the parked vehicle, including the fact that they broke the window of the vehicle after the occupants refused to exit.

Moreover, we have reviewed the flash drive that appellate counsel submitted to us on or about July 29, 2025, containing the body-camera video played at the preliminary examination. We agree with defendant that the video does not show him creating a sustained disturbance. However, his yelling is audible shortly before his arrest, and the officers' testimony explains that the video is an incomplete portrayal of the events at issue because his yelling occurred when the body camera was

residential area and, to a lesser extent, because his yelling disturbed the neighbors. In other words, it was defendant's conduct of creating a loud noise that led to his arrest, not the content or viewpoint of his speech. Accordingly, his First Amendment rights were not violated.[5] In other words, MCL 750.170 or Jackson Ordinance, § 17-86, or both, were not unconstitutionally applied to him. Therefore, although defendant is correct that, under certain circumstances, a person being arrested may resist an arrest on the grounds that it is unlawful, *People v Moreno*, 491 Mich 38, 41; 814 NW2d 624 (2012), these circumstances do not exist in the present case.

Moreover, we emphasize that defendant does not argue that the statute and ordinance discussed herein are facially unconstitutional. Statutes and ordinances are presumed constitutional, and the party challenging the statute or ordinance has the burden of showing the contrary. *Burkman*, 513 Mich at 326; *People v Gasper*, 314 Mich App 528, 536; 888 NW2d 116 (2016). Defendant has failed to meet this burden. In any event, we note that both the United States Supreme Court and our Supreme Court have upheld similar noise ordinances. See, e.g., *Kovacs v Cooper*, 336 US 77, 78-79; 69 S Ct 448; 93 L Ed 513 (1949); *Lansing v Hartsuff*, 213 Mich App 338, 343; 539 NW2d 781 (1995).

## IV. CONCLUSION

In sum, defendant was lawfully arrested, and he had no right to resist that arrest. Therefore, the district court did not abuse its discretion when it bound over defendant to the circuit court.

Affirmed.

/s/ Michael J. Riordan
/s/ James Robert Redford
/s/ Sima G. Patel

---

not nearby defendant. Simply put, the video, which commenced after other officers had arrived and were on the scene, provides some minimal evidence in defendant's favor, but it is not dispositive because the officers' testimony provides a plausible explanation for why it is not incriminating. Neither the prosecutor nor defendant offered any other video evidence despite there being several other officers, also presumably wearing recording devices, being on the scene from the beginning of the events at issue.

[5] Defendant compares this case to *City of Houston v Hill*, 482 US 451; 107 S Ct 2502; 96 L Ed 2d 398 (1987), in which the United States Supreme Court held that a city ordinance prohibiting a person from "interrupt[ing] a police officer in the performance of his or her duties" was unconstitutionally overbroad under the First Amendment. *Id*. at 453. The Court reasoned, in relevant part, that "the ordinance is susceptible of regular application to protected expression." *Id*. at 467.

Here, in contrast, MCL 750.170 and Jackson Ordinance, § 17-86, are routine provisions that address disturbing the peace. They are not content- or viewpoint-based provisions akin to the city ordinance in *Hill*.